# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

- - - - - - - - - - - - - -
## NO. 03-01-00593-CR
- - - - - - - - - - - - - -

**Bradley Cantelon, Appellant**

**v.**

**The State of Texas, Appellee**

**FROM THE DISTRICT COURT OF BURNET COUNTY, 33RD JUDICIAL DISTRICT
NO. 9133, HONORABLE CHARLES E. MILLER, JR., JUDGE PRESIDING**

A confidential informant testified that he purchased marihuana from Bradley Michael Cantelon. The jury found Cantelon guilty of delivery of a controlled substance; after he pleaded true to two earlier felony convictions, he was sentenced to serve four years in prison.

A recent provision of the Texas Code of Criminal Procedure states that a defendant may not be convicted for such an offense on the testimony of a covert informant Aunless the testimony is corroborated by other evidence tending to connect the defendant with the offense committed.@ Tex. Crim. Proc. Code Ann. art. 38.141 (West Supp. 2002). Cantelon contends on appeal that the testimony of the confidential informant was not sufficiently corroborated. To review this challenge, we turn to the similarly worded article 38.14 which requires corroboration of accomplice testimony. Tex. Crim. Proc. Code Ann. art. 38.14 (West 1979). Applying the Atends-to-connect@ standard courts have found sufficient to corroborate accomplice testimony, we hold that sufficient corroborating evidence tends to connect Cantelon to the offense charged.

## BACKGROUND

**Sergeant Chris Johnson, an investigator with the Narcotics Enforcement Team employed by the Marble Falls Police Department, testified that he received information from a confidential informant named Chris Humphries[1] that Cantelon was willing to sell marihuana. Sergeant Johnson and Humphries arranged to meet Cantelon at a Wal-Mart parking lot on June 28, 2000. Sergeant Johnson testified that he searched Humphries to be sure that he had no marihuana, gave him an audio recording device, and provided the cash to purchase the marihuana. At the agreed-upon location, Humphries left Sergeant Johnson=s car, entered**

---

[1] Humphries had entered into a written agreement with the Marble Falls Police Department to serve as a confidential informant who would buy drugs to incriminate local drug dealers. He did this in order to have drug charges against him dismissed. Accordingly, at the trial in the present case, he testified under a grant of immunity.

Cantelon=s car and left after several minutes, walked to a pay phone to divert suspicion, and then returned to Sergeant Johnson=s car. Sergeant Johnson attempted to videotape Humphries=s actions, but had to replace the battery in the video recorder at the exact moment of the actual exchange. When Humphries returned, he delivered the marihuana to Sergeant Johnson, who again searched him and found he no longer had the cash provided for the purchase. At trial, Humphries testified that Cantelon delivered the marihuana to him in exchange for $65 plus $5 gas money.

Cantelon was found guilty by the jury and sentenced by the trial court. He now appeals his conviction to this Court.

## DISCUSSION

In his sole issue on appeal, Cantelon complains that the evidence was insufficient to corroborate the testimony of the confidential informant because no one other than Humphries testified to the actual transfer of the marihuana; due to a faulty battery, Sergeant Johnson did not record and did not observe Cantelon or Humphries during this alleged transaction. The legislature has decided that a defendant may not be convicted by the statements of a confidential informant unless that testimony is corroborated:

> (a) A defendant may not be convicted of an offense under Chapter 481, Health and Safety Code, on the testimony of a person who is not a licensed peace officer or a special investigator but who is acting covertly on behalf of a law enforcement agency or under the color of law enforcement unless the testimony is corroborated by other evidence tending to connect the defendant with the offense committed.

3

**(b) Corroboration is not sufficient for the purposes of this article if the corroboration only shows the commission of the offense.**

Tex. Crim. Proc. Code Ann. art. 38.141(a), (b) (West Supp. 2002). There is no case law interpreting article 38.141, but article 38.14 has long required in strikingly similar language that the State must present evidence to corroborate the accomplice=s testimony:

> A conviction cannot be had upon the testimony of an accomplice unless corroborated by other evidence tending to connect the defendant with the offense committed; and the corroboration is not sufficient if it merely shows the commission of the offense.

Tex. Crim. Proc. Code Ann. art. 38.14 (West 1979).[2] The enactment of substantially the same language in article 38.141 suggests that the legislature intended the same standard for corroboration to apply to accomplice witnesses and confidential informants.

---

[2] Before the passage of article 38.141, courts made it clear that an undercover agent or actor working covertly with law enforcement officials was not an accomplice for purposes of article 38.14. A Avolunteer@ working on behalf of a criminal investigation is not an accomplice if that person does not bring about the crime but merely intends to obtain evidence to be used against those committing the crime. *See Parr v. State*, 606 S.W.2d 928, 929 (Tex. Crim. App.1980); *Alexander v. State*, 168 Tex. Crim. 288, 325 S.W.2d 139, 140 (1959); *see also Bacon v. State*, 762 S.W.2d 653, 656 (Tex. App.CHouston [14th Dist.] 1988, pet. ref=d).

Furthermore, we believe the purposes of the two articles are similar. Article 38.14 applies to an accomplice to a crime who, by definition, participated with the accused in the commission of the charged offense and therefore would have a selfish interest in testifying against the defendant in order to secure relief from prosecution or a lessened punishment. The purpose of article 38.14 then is to assure that a jury does not consider an accomplice witness=s testimony unless it finds that the witness is telling the truth and that other evidence corroborates the discredited witness=s testimony. *See McDuff v. State*, 943 S.W.2d 517, 520 (Tex. App.CAustin 1997, pet ref=d). AThis requires the jury to receive and act upon such testimony with caution, considering the selfish interests and possibly corrupt motives of the witness.@ *Howard v. State*, 972 S.W.2d 121, 125 (Tex. App.CAustin 1997, no pet). Article 38.141 applies to confidential informants. Informants, as Sergeant Johnson testified in the present case, work with the police for self-interested reasons. They may have no direct connection with the offense in issue but generally have an incentive or hope for personal gain. Often they work for compensation or to have charges against them dismissed. Because an informant, like an accomplice, could fall into the class of a discredited witness with selfish interests and possibly corrupt motives, the legislature has imposed the same standard of corroboration for an informant=s testimony. Therefore, to establish a standard for corroborating an informant=s testimony, we look to case law establishing how much evidence is sufficient to corroborate the testimony of an accomplice witness.[3]

---

[3] We find it significant that Cantelon agrees with this standard for corroboration of an informant=s

testimony in his brief to this Court. Cantelon insists that applying the accomplice-witness standard, the testimony of **Humphries** was *not* sufficiently corroborated. Inexplicably, the State argues that the article 38.14 line of cases do not apply, but that the testimony was sufficiently corroborated, citing only article 38.14 cases to support this contention.

A challenge of insufficient corroboration is not the same as a challenge of insufficient evidence to support the verdict as a whole. *See Cathey v. State*, 992 S.W.2d 460, 462-63 (Tex. Crim. App. 1999). To corroborate accomplice-witness testimony, "[a]ll the law requires is that there be *some* non-accomplice evidence which *tends* to connect the accused to the commission of the offense. While individually these circumstances might not be sufficient to corroborate the accomplice testimony, taken together, rational jurors could conclude that this evidence sufficiently *tended* to connect appellant to the offense." *Hernandez v. State*, 939 S.W.2d 173, 178-79 (Tex. Crim. App. 1997) (citing *Cox v. State*, 830 S.W.2d 609, 612 (Tex. Crim. App. 1992); *Paulus v. State*, 633 S.W.2d 827, 846 (Tex. Crim. App. 1981)). To determine the sufficiency of the corroboration, we eliminate the testimony of the accomplice and ask whether other inculpatory evidence tends to connect the accused to the commission of the offense, even if it does not directly link the accused to the crime. *See McDuff v. State*, 939 S.W.2d 607, 612 (Tex. Crim. App. 1997); *Casias v. State*, 36 S.W.3d 897, 901 (Tex. App.—Austin 2001, no pet.). We must view the corroborating evidence in the light most favorable to the verdict. *Knox v. State*, 934 S.W.2d 678, 686-87; *Gill v. State*, 873 S.W.2d 45, 48 (Tex. Crim. App. 1994). No precise rule can be formulated regarding the amount of evidence that is required to corroborate the testimony of an accomplice witness; each case must be judged on its own facts. *Gill*, 873 S.W.2d at 48. Even insignificant circumstances may satisfy the test. *See Reed v. State*, 744 S.W.2d 112, 126 (Tex. Crim. App. 1988). "As the court of criminal appeals instructs, the tends-to-connect standard does not present a high threshold." *In the Matter of C.M.G.*, 905 S.W.2d 56, 58 (Tex.

App.C Austin 1995, no writ). We shall apply the tends-to-connect standard to the confidential informant=s testimony in the present case.

If we eliminate Humphries=s testimony, we are left with the following inculpatory evidence. Sergeant Johnson established the time and place for the Acontrolled buy@ to occur. Before executing the plan, Johnson searched Humphries to ensure he had no drugs on him and then provided Humphries with $70 cash and a recording device. Johnson watched Humphries go directly from Johnson=s car to Cantelon=s car. Johnson maintained surveillance and videotaped Humphries with Cantelon, except for the critical moment of the actual exchange when Johnson was distracted by having to change the battery in the video recorder. Johnson watched Humphries exit Cantelon=s car, walk to a pay phone and pretend to place a call before he returned to Johnson=s car. Humphries handed Johnson a bag of marihuana and no longer had the $70 cash he had been provided to make the purchase. The transaction took only a few minutes.

In addition to Sergeant Johnson=s testimony, the State played the audio recording, and the jury was able to hear the actual recording of the exchange between Humphries and Cantelon during Humphries=s testimony. The State also played the video recording which does not show Cantelon delivering the marihuana, but does corroborate Humphries=s other actions from the time he left Johnson=s car until he returned.

Cantelon contends that this evidence merely establishes that he was present in the Wal-Mart parking lot on June 28, 2000, along with Humphries and hundreds of other people. We disagree. The evidence corroborates that Cantelon met Humphries at an agreed-upon time at an

agreed-upon place, they spent several minutes together sitting in Cantelon=s car in the parking lot, Humphries entered the car with a specific amount of cash and an audio recorder, returned without the cash, then gave Johnson a bag of marihuana and the recording device with a recorded conversation between Humphries and Cantelon.

The trial court correctly instructed the jury that it had to find evidence Athat tends to connect the defendant with the commission of the offense.@

> You are instructed that a person may not be convicted of delivery of a controlled substance, including marihuana, merely on the testimony of a civilian person who is acting covertly on behalf of a law enforcement agency, unless the testimony of the civilian is corroborated by other evidence in the case tending to connect the defendant with the offense committed, if you find that an offense was committed. The corroborating evidence, if any, is not sufficient if it merely shows the commission of the offense. The corroborating evidence, if any, must also tend to connect the defendant with the commission of the offense, if any, and then from all the evidence you must believe beyond a reasonable doubt that the defendant is guilty of the offense charged against him.

In any jury trial, the jurors are the triers of fact, the judges of the credibility of the witnesses, and the judges of the weight to be given the witnesses= testimony. *Castellano v. State*, 810 S.W.2d 800, 807 (Tex. App.C Austin 1991, no pet.). The jury is entitled to accept or reject all or any part of the testimony given by the witnesses for the State and the accused; reconciliation of evidentiary conflicts is solely a function of the trier of fact. *Id*. Even though Humphries as an informant may have been a discredited witness with selfish interests and possibly corrupt motives, the jury was entitled to find that he was telling the truth and that other evidence corroborated his testimony. *See McDuff*, 943 S.W.2d at 520; *Hunter*, 972 S.W.2d at 125.

9

**We conclude that the corroborating evidence detailed above sufficiently** *tends to*

*connect* **Cantelon with the delivery of marihuana to Humphries.** *Hernandez*, 939 S.W.3d at 178-

79; *see also Bacon v. State*, 762 S.W.2d 653, 654, 656 (Tex. App.CHouston [14th Dist.] 1988, pet.

ref=d).  Therefore, we overrule Cantelon=s sole issue on appeal and affirm the trial court=s judgment.


                                                                        Bea Ann Smith, Justice

Before Chief Justice Aboussie, Justices B. A. Smith and Yeakel

Affirmed

Filed:   August 30, 2002

Publish