NO. 07-03-0110-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

JULY 21, 2005

_____


RENE DANIEL SANDOVAL, APPELLANT

v.

THE STATE OF TEXAS, APPELLEE


_____

FROM THE 287TH DISTRICT COURT OF BAILEY COUNTY;

NO. 2112; HON. GORDON H. GREEN, PRESIDING

_____

Before QUINN, C.J., CAMPBELL, J., and BOYD, S.J.[1]


In this appeal, appellant Rene Daniel Sandoval challenges his conviction for delivery of a controlled substance and the resulting jury-assessed punishment of 20 years penal confinement and a $10,000 fine. For the reasons we list below, we affirm the judgment of the trial court.

_____

[1]John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. Tex. Gov't Code Ann. §75.002(a)(1) (Vernon Supp. 2004).

Appellant timely filed his notice of appeal. However, prior to his counsel's filing of an appellate brief, appellant filed his *pro se* brief and a motion denominated as a "Motion to Dismiss Appointed Appeal Counsel and to Re-Appoint Me Another App. Atty. (Or) Let Me Proceed Pro Se." We remanded the cause to the trial court for a hearing to clarify appellant's wishes regarding his appeal. The trial court found that appellant wanted to proceed *pro se* and he had knowingly and voluntarily waived counsel. That being so, the trial court allowed appellant's counsel to withdraw and appellant has proceeded *pro se* in presenting his appeal.

Appellant has filed several Motions to Amend and to admit additional exhibits not part of the appellate record. By his brief and other filings, appellant presents five issues for our decision. Those issues are: 1) sufficiency of the evidence; 2) ineffective assistance of counsel; 3) the legality of the audio recording of the alleged drug transaction; 4) the legality of the questioning of a minor child; and 5) the disqualification of the trial judge.

Background

The State's evidence showed that on October 19, 2001, officers of the Muleshoe Police Department met with P. A., a confidential informant (the informant), to set up a transaction in which she would purchase drugs from appellant. Prior to the drug deal, the police officers met with the informant and provided her with $390 to purchase the drugs. They also provided her with a transmitter to allow them to monitor and record any conversation between her and appellant. To ensure that the informant did not possess any money or illegal drugs prior to her meeting with appellant, the officers searched her person and her vehicle. The informant then went to meet appellant.

2

Appellant met with the informant in her car and she purchased two "eight balls" of cocaine for $340. She then returned to the police station and delivered the purchased items to the officers. Throughout the informant's meeting with appellant, police officers maintained audio and visual surveillance of the encounter. Subsequently, the purchased items were sent to the Texas Department of Public Safety's laboratory for testing, which showed that the purchased substances consisted of 3.93 grams of cocaine.

In his challenge, appellant contends the evidence is both legally and factually insufficient to support his conviction. In support of that contention, appellant argues that: 1) the officers did not conduct a "pat down" search of the informant prior to her meeting with appellant; 2) the officers performed only a cursory search of the informant's vehicle prior to the drug deal; 3) testimony describing the vehicle the informant used in the drug deal was inconsistent; 4) testimony concerning the money involved in the deal was inconsistent; 5) audio and visual surveillance was not continuous; and 6) only the informant could identify his voice on the tape. Appellant also contends there is a lack of sufficient corroborative evidence to support the testimony of the informant, a person who is not a licensed peace officer or special investigator acting covertly on behalf of a law enforcement agency, and that lack of evidence invalidates his conviction based on the informant's testimony. *See* Tex. Code Crim. Proc. Ann. art. 38.141 (Vernon 2005).

Standard of Review

A confidential informant's testimony is sufficiently corroborated if, setting aside the informant's testimony, the other inculpatory evidence viewed in a light most favorable to the verdict tends to connect the accused to the commission of the offense, even if it does not

directly link the accused to the crime.  *See Cantelon v. State*, 85 S.W.3d 457, 460-61 (Tex. App.–Austin 2002, no pet.).

Evidence is legally sufficient if, when viewed in the light most favorable to the jury's verdict, it establishes the essential elements of the offense beyond a reasonable doubt. *See Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *Clewis v. State*, 922 S.W.2d 126, 132 (Tex. Crim. App. 1996).  Evidence is factually sufficient if, when all of the evidence is considered in a neutral light, a rational jury can make a finding of guilt beyond a reasonable doubt.  *See Zuniga v. State*, 144 S.W.3d 477, 484 (Tex. Crim. App. 2004).

Analysis

We will first address the question of whether the informant's testimony is sufficiently corroborated to be considered in determining the legal and factual sufficiency of the evidence to sustain appellant's conviction.  In that regard, the testimony of three officers placed appellant at the scene of the transaction, an audio recording was made of the transaction and received into evidence, and a laboratory analysis confirming the purchased substance was cocaine was received into evidence.  The evidence was amply sufficient to corroborate the informant's testimony.  *See Cantelon v. State,* 85 S.W.3d at 461.

In addition to the informant's testimony concerning her purchase, the jury heard the testimony of the officers that they had observed the informant meet with appellant, that they were able to hear appellant's agreement to exchange cocaine for money vis the transmitter, and that within minutes of the transaction, they recovered from the informant a white powdery substance that was later identified as containing 3.93 grams of cocaine.  We can

4

only conclude that the evidence is both legally and factually sufficient to sustain appellant's conviction. Appellant's first issue is overruled.

We next consider appellant's second issue in which he argues his trial representation was ineffective because his counsel failed to follow trial strategy suggested by appellant. Specifically, he argues that ineffectiveness was demonstrated by trial counsel's 1) failure to file motions to quash the indictment and to change venue; 2) failure to challenge certain jury panel members for cause; 3) failure to call witnesses vital to his defense; and 4) failure to object to a juror falling asleep during the presentation of evidence.

A claim of ineffectiveness of counsel requires an appellant to show 1) that counsel's trial performance was so deficient that counsel failed to function as the "counsel" guaranteed under the Sixth Amendment to the Federal Constitution; and 2) that counsel's deficient performance prejudiced the appellant, depriving appellant of a fair trial. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

In presenting a contention of ineffective assistance of counsel, an appellant is required to cite to the record and to supply supporting authority or make substantive argument. *See* Tex. R. App. P. 38.1(h); *Lagrone v. State*, 942 S.W.2d 602, 614 (Tex. Crim. App. 1997); *Alvarado v. State*, 912 S.W.2d 199, 210 (Tex. Crim. App. 1995); *Labrador Oil Co. v. Norton Drilling Co.*, 1 S.W.3d 795, 802-03 (Tex. App.–Amarillo 1999, no pet.). Inasmuch as this appellant has failed to cite supporting authority, make substantive argument, or cite to the record, we overrule his claim of ineffective assistance of counsel.

Moreover, even assuming *arguendo* that appellant had properly presented his claim, his contentions are not supported by the record. Parenthetically, appellant sought to introduce additional evidence into the appellate record by filing several motions to amend his *pro se* record. However, an appellate court cannot consider factual assertions that are outside the trial record. *Whitehead v. State*, 130 S.W.3d 866, 872 (Tex. Crim. App. 2004). Additionally, appellant has not identified how he was prejudiced by his trial counsel's performance. Without a specific demonstration of prejudice supported by the record, we cannot find ineffective assistance of counsel. *See Bone v. State*, 77 S.W.3d 828, 836-37 (Tex. Crim. App. 2002). Appellant's second issue is overruled.

Appellant also raises three additional issues: 1) a violation of the Texas wiretapping statute, article 18.20 of the Code of Criminal Procedure; 2) a violation of section 52.01 of the Family Code, and 3) a violation of article 30.01 of the Code of Criminal Procedure. However, he fails to cite to relevant portions of the record or set out a substantive argument. *See* Tex. R. App. P. 38.1(h); *Lagrone v. State,* 942 S.W.2d at 614; *Alvarado v. State*, 912 S.W.2d at 210. Although an appellant may make arguments for which there is no authority directly on point, he must ground his contentions in analogous case law or provide the reviewing court with the relevant jurisprudential framework for evaluating the claim. *See Tong v. State*, 25 S.W.3d 707, 710 (Tex. Crim. App. 2000). Because appellant has failed to do so, he has inadequately briefed these issues. *See Lagrone v. State,* 942 S.W.2d at 614; *Alvarado v. State*, 912 S.W.2d at 210. Thus, we must, and do hereby, overrule all of appellant's remaining issues.

In addition to the motions we have already ruled upon, appellant has filed a "Motion with Exhibits" and a "Motion with Exhibit to Amend on Pro Se [Brief]." In both of these

motions, appellant seeks to introduce new evidence that was not before the trial court. An appellate court's review of the record is limited to the evidence before the trial court at the time of the court's ruling and the supplementation rules cannot be used to create new evidence. *Whitehead v. State*, 130 S.W.3d at 872. These motions must be, and are hereby, overruled.

In summary, all of appellant's issues are overruled and the judgment of the trial court affirmed.

John T. Boyd
Senior Justice

Do not publish.