NO. 07-03-0110-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL E



JULY 21, 2005



______________________________




RENE DANIEL SANDOVAL, APPELLANT



v.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 287TH DISTRICT COURT OF BAILEY COUNTY;



NO. 2112; HON. GORDON H. GREEN, PRESIDING



_______________________________



Before QUINN, C.J., CAMPBELL, J., and BOYD, S.J. (1)


 In this appeal, appellant Rene Daniel Sandoval challenges his conviction for delivery
of a controlled substance and the resulting jury-assessed punishment of 20 years penal
confinement and a $10,000 fine. For the reasons we list below, we affirm the judgment of
the trial court.

 Appellant timely filed his notice of appeal. However, prior to his counsel's filing of
an appellate brief, appellant filed his pro se brief and a motion denominated as a "Motion
to Dismiss Appointed Appeal Counsel and to Re-Appoint Me Another App. Atty. (Or) Let
Me Proceed Pro Se." We remanded the cause to the trial court for a hearing to clarify
appellant's wishes regarding his appeal. The trial court found that appellant wanted to
proceed pro se and he had knowingly and voluntarily waived counsel. That being so, the
trial court allowed appellant's counsel to withdraw and appellant has proceeded pro se in
presenting his appeal.

 Appellant has filed several Motions to Amend and to admit additional exhibits not
part of the appellate record. By his brief and other filings, appellant presents five issues
for our decision. Those issues are: 1) sufficiency of the evidence; 2) ineffective assistance
of counsel; 3) the legality of the audio recording of the alleged drug transaction; 4) the
legality of the questioning of a minor child; and 5) the disqualification of the trial judge.

Background

 The State's evidence showed that on October 19, 2001, officers of the Muleshoe
Police Department met with P. A., a confidential informant (the informant), to set up a
transaction in which she would purchase drugs from appellant. Prior to the drug deal, the
police officers met with the informant and provided her with $390 to purchase the drugs. 
They also provided her with a transmitter to allow them to monitor and record any
conversation between her and appellant. To ensure that the informant did not possess any
money or illegal drugs prior to her meeting with appellant, the officers searched her person
and her vehicle. The informant then went to meet appellant.

 Appellant met with the informant in her car and she purchased two "eight balls" of
cocaine for $340. She then returned to the police station and delivered the purchased
items to the officers. Throughout the informant's meeting with appellant, police officers
maintained audio and visual surveillance of the encounter. Subsequently, the purchased
items were sent to the Texas Department of Public Safety's laboratory for testing, which
showed that the purchased substances consisted of 3.93 grams of cocaine.

 In his challenge, appellant contends the evidence is both legally and factually
insufficient to support his conviction. In support of that contention, appellant argues that:
1) the officers did not conduct a "pat down" search of the informant prior to her meeting with
appellant; 2) the officers performed only a cursory search of the informant's vehicle prior
to the drug deal; 3) testimony describing the vehicle the informant used in the drug deal
was inconsistent; 4) testimony concerning the money involved in the deal was inconsistent;
5) audio and visual surveillance was not continuous; and 6) only the informant could identify
his voice on the tape. Appellant also contends there is a lack of sufficient corroborative
evidence to support the testimony of the informant, a person who is not a licensed peace
officer or special investigator acting covertly on behalf of a law enforcement agency, and
that lack of evidence invalidates his conviction based on the informant's testimony. See
Tex. Code Crim. Proc. Ann. art. 38.141 (Vernon 2005).

Standard of Review

 A confidential informant's testimony is sufficiently corroborated if, setting aside the
informant's testimony, the other inculpatory evidence viewed in a light most favorable to the
verdict tends to connect the accused to the commission of the offense, even if it does not
directly link the accused to the crime. See Cantelon v. State, 85 S.W.3d 457, 460-61 (Tex.
App.-Austin 2002, no pet.). 

 Evidence is legally sufficient if, when viewed in the light most favorable to the jury's
verdict, it establishes the essential elements of the offense beyond a reasonable doubt. 
See Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); Clewis
v. State, 922 S.W.2d 126, 132 (Tex. Crim. App. 1996). Evidence is factually sufficient if,
when all of the evidence is considered in a neutral light, a rational jury can make a finding
of guilt beyond a reasonable doubt. See Zuniga v. State, 144 S.W.3d 477, 484 (Tex. Crim.
App. 2004).

Analysis


 We will first address the question of whether the informant's testimony is sufficiently
corroborated to be considered in determining the legal and factual sufficiency of the
evidence to sustain appellant's conviction. In that regard, the testimony of three officers
placed appellant at the scene of the transaction, an audio recording was made of the
transaction and received into evidence, and a laboratory analysis confirming the purchased
substance was cocaine was received into evidence. The evidence was amply sufficient to
corroborate the informant's testimony. See Cantelon v. State, 85 S.W.3d at 461. 

 In addition to the informant's testimony concerning her purchase, the jury heard the
testimony of the officers that they had observed the informant meet with appellant, that they
were able to hear appellant's agreement to exchange cocaine for money vis the transmitter,
and that within minutes of the transaction, they recovered from the informant a white
powdery substance that was later identified as containing 3.93 grams of cocaine. We can
only conclude that the evidence is both legally and factually sufficient to sustain appellant's
conviction. Appellant's first issue is overruled.

 We next consider appellant's second issue in which he argues his trial
representation was ineffective because his counsel failed to follow trial strategy suggested
by appellant. Specifically, he argues that ineffectiveness was demonstrated by trial
counsel's 1) failure to file motions to quash the indictment and to change venue; 2) failure
to challenge certain jury panel members for cause; 3) failure to call witnesses vital to his
defense; and 4) failure to object to a juror falling asleep during the presentation of
evidence.

 A claim of ineffectiveness of counsel requires an appellant to show 1) that counsel's
trial performance was so deficient that counsel failed to function as the "counsel"
guaranteed under the Sixth Amendment to the Federal Constitution; and 2) that counsel's
deficient performance prejudiced the appellant, depriving appellant of a fair trial. Strickland
v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). 

 In presenting a contention of ineffective assistance of counsel, an appellant is
required to cite to the record and to supply supporting authority or make substantive
argument. See Tex. R. App. P. 38.1(h); Lagrone v. State, 942 S.W.2d 602, 614 (Tex. Crim.
App. 1997); Alvarado v. State, 912 S.W.2d 199, 210 (Tex. Crim. App. 1995); Labrador Oil
Co. v. Norton Drilling Co., 1 S.W.3d 795, 802-03 (Tex. App.-Amarillo 1999, no pet.). 
Inasmuch as this appellant has failed to cite supporting authority, make substantive
argument, or cite to the record, we overrule his claim of ineffective assistance of counsel. 
 

 Moreover, even assuming arguendo that appellant had properly presented his claim,
his contentions are not supported by the record. Parenthetically, appellant sought to
introduce additional evidence into the appellate record by filing several motions to amend
his pro se record. However, an appellate court cannot consider factual assertions that are
outside the trial record. Whitehead v. State, 130 S.W.3d 866, 872 (Tex. Crim. App. 2004). 
Additionally, appellant has not identified how he was prejudiced by his trial counsel's
performance. Without a specific demonstration of prejudice supported by the record, we
cannot find ineffective assistance of counsel. See Bone v. State, 77 S.W.3d 828, 836-37
(Tex. Crim. App. 2002). Appellant's second issue is overruled.

 Appellant also raises three additional issues: 1) a violation of the Texas wiretapping
statute, article 18.20 of the Code of Criminal Procedure; 2) a violation of section 52.01 of
the Family Code, and 3) a violation of article 30.01 of the Code of Criminal Procedure. 
However, he fails to cite to relevant portions of the record or set out a substantive
argument. See Tex. R. App. P. 38.1(h); Lagrone v. State, 942 S.W.2d at 614; Alvarado v.
State, 912 S.W.2d at 210. Although an appellant may make arguments for which there is
no authority directly on point, he must ground his contentions in analogous case law or
provide the reviewing court with the relevant jurisprudential framework for evaluating the
claim. See Tong v. State, 25 S.W.3d 707, 710 (Tex. Crim. App. 2000). Because appellant
has failed to do so, he has inadequately briefed these issues. See Lagrone v. State, 942
S.W.2d at 614; Alvarado v. State, 912 S.W.2d at 210. Thus, we must, and do hereby,
overrule all of appellant's remaining issues.

 In addition to the motions we have already ruled upon, appellant has filed a "Motion
with Exhibits" and a "Motion with Exhibit to Amend on Pro Se [Brief]." In both of these
motions, appellant seeks to introduce new evidence that was not before the trial court. An
appellate court's review of the record is limited to the evidence before the trial court at the
time of the court's ruling and the supplementation rules cannot be used to create new
evidence. Whitehead v. State, 130 S.W.3d at 872. These motions must be, and are
hereby, overruled.

 In summary, all of appellant's issues are overruled and the judgment of the trial court
affirmed. 


 John T. Boyd

 Senior Justice


Do not publish. 
1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. 
Tex. Gov't Code Ann. §75.002(a)(1) (Vernon Supp. 2004).