NO. 07-04-0361-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

SEPTEMBER 23, 2005
_____

SCOTTY HEREFORD, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_____

FROM THE 137TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2004-404,809; HONORABLE CECIL G. PURYEAR, JUDGE
_____

Before REAVIS and CAMPBELL and HANCOCK, JJ.

**MEMORANDUM OPINION**

Appellant Scotty Hereford brings this appeal from his conviction for the felony offense of possession of a controlled substance with intent to deliver. Punishment, enhanced because the offense was committed in a drug free zone,[1] was assessed by the jury at 40 years confinement. We will affirm.

Appellant was charged as a result of a "buy/bust" operation conducted by members of the multi-agency South Plains Drug Task Force. Officers were working with an

_____

[1] *See* Tex. Health & Safety Code Ann. § 481.134(b) (Vernon Supp. 2005).

informant named Karron Hays who was helping police in exchange for the dismissal of unrelated pending charges. The operation began with officer Jane Joplin searching Hays for contraband and attaching a hidden microphone to her. Officers also recorded the serial numbers of currency and provided it to Hays for the purchase of drugs. After other officers positioned themselves nearby, Joplin drove Hays to the Sunset Motel in Lubbock.

The events described by Hays and Joplin after their arrival varied slightly. Hays testified she got out of the car and knocked on the door of a room looking for a drug seller named Kim. When no one answered she returned to the car where appellant approached her and she purchased cocaine from him. According to Joplin, appellant initially approached the driver's door where Joplin was seated. Without speaking to appellant, Joplin pointed to Hays in the passenger seat. Appellant walked to the passenger side of the car, where Hays got out to speak with appellant. None of the officers were able to see exactly what transpired between appellant and Hays. The State introduced a recording from the microphone attached to Hays. The recording shows Hays asked unidentified people if they knew Kim. They can be heard saying they had not seen Kim for some time. Within seconds, Hays is heard asking, "Do you have anything?" A male voice responds affirmatively, an agreement is made and Hays is heard counting to 100 in increments of 20. She can then be heard returning to the car and pointing out the person from whom she made the purchase. The entire recording lasts less than a minute. Both witnesses testified when Hays got back in the car she gave Joplin a package containing cocaine. The only other officer who was able to see the transaction, Van Roy Pierce, was across the

street. As she drove away, officer Joplin signaled the other officers who immediately arrested appellant.

Upon searching appellant, officers did not find any drugs. The cash given to Hays was located on the ground nearby. Officer Pierce testified no one else was in the immediate area where the cash was recovered. The State presented testimony from a City of Lubbock planner that the Sunset Motel was within 1,000 feet of a school, making it a drug free zone. It also called a Department of Public Safety laboratory technician who tested the substance purchased by Hays and found it contained cocaine. At the conclusion of the State's case, the trial court denied appellant's motion for instructed verdict. The jury found appellant guilty and punishment was assessed in conformity with its verdict at 40 years confinement.

Appellant presents a single issue challenging the trial court's denial of his motion for instructed verdict on the basis the State failed to present evidence corroborating the testimony of the informant. We treat such a complaint as a challenge to the legal sufficiency of the evidence. *Williams v. State*, 937 S.W.2d 479, 482 (Tex.Crim.App. 1996). In considering appellant's legal insufficiency challenge, we are required to view the evidence in a light most favorable to the prosecution and then determine if any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d. 560 (1979).

Appellant's sufficiency challenge is based on application of article 38.141 of the Texas Code of Criminal Procedure. That statute provides a person may not be convicted

3

of an offense for possession or delivery of a controlled substance, defined in Chapter 481 of the Health and Safety Code, on the testimony of a person "acting covertly on behalf of a law enforcement agency" unless the testimony is corroborated by "other evidence tending to connect the defendant with the offense committed." *Id.* The statute provides corroboration is not sufficient if it only shows the commission of the offense. *Id.*

In reviewing the sufficiency of corroboration, courts have applied the same standard as is applied when a conviction is based on accomplice witness testimony. *Cantelon v. State*, 85 S.W.3d 457, 460 (Tex.App.–Austin 2002, no pet.); *see Dennis v. State*, 151 S.W.3d 745, 748-49 (Tex.App.–Amarillo 2004, pet. ref'd). That standard requires a reviewing court to eliminate the informant's testimony and ask whether other inculpatory evidence tends to connect the accused to the commission of the offense, even if it does not directly link the accused to the crime. *Cantelon,* 85 S.W.3d at 461, *citing McDuff v. State*, 939 S.W.2d 607, 612 (Tex.Crim.App. 1997). There is no precise rule stating the amount of evidence necessary to corroborate an informant's testimony, but the "tends-to-connect" standard does not present a high threshold. *Cantelon*, 85 S.W.3d at 461. Appellant argues that when the testimony of Karron Hays is eliminated, "there is nothing that tends to connect" appellant with the sale of cocaine. We do not agree.

The other evidence showed Hays did not possess any cocaine when she arrived at the motel with officer Joplin, but provided a package of cocaine to Joplin on returning to the car. Both Joplin and Pierce testified Hays physically interacted with only one person

4

while she was outside the car. Pierce identified appellant as that person.[2] The testimony of the officers was confirmed by the audio recording played for the jury. Another officer identified appellant's voice from the recording.[3]

Appellant emphasizes that the currency issued to Hays was not found on appellant. The evidence showed those bills were found on the ground within minutes of the transaction. As noted, Pierce testified no one but appellant was in the immediate area and that, from Pierce's observation, no one but appellant could have placed the money there. This testimony provides additional corroboration connecting appellant to the offense.

We find the testimony of Karron Hays was sufficiently corroborated by other evidence tending to connect appellant with the offense. The evidence was not rendered legally insufficient by the absence of corroboration required by article 38.141. We overrule appellant's single point of error and affirm the judgment of the trial court.

James T. Campbell
Justice

Do not publish.

---

[2] Joplin also identified appellant, but her testimony indicated the identification was based in part on seeing appellant at a prior hearing.

[3] Pierce's testimony identifying appellant as the person he observed interacting with Hays and police testimony identifying appellant's voice on the recording made of the transaction distinguish this case from *Young v. State*, 95 S.W.3d 448 (Tex.App.–Houston [1st Dist.] 2002, pet. ref'd). There, no one but the informant testified to the drug transaction or identified the defendant's voice on the incriminating tape recording. *Id*. at 450.