NO. 07-06-0092-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



JULY 6, 2006



______________________________




THE SCHOOL OF THE OZARKS, INC.,


D/B/A COLLEGE OF THE OZARKS, APPELLANT



V.



WILL W. SNEAD AND RAY A. SNEAD, APPELLEES




_________________________________



FROM THE 69TH DISTRICT COURT OF HARTLEY COUNTY;



NO. 4289H; HONORABLE RON ENNS, JUDGE



_______________________________



Before REAVIS and CAMPBELL and HANCOCK, JJ.

MEMORANDUM OPINION


 The School of the Ozarks, Inc., d/b/a College of the Ozarks perfected this
accelerated appeal from the trial court's order denying its special appearance. Pending
before this Court is an unopposed motion to dismiss the appeal as moot. Attached to the
motion as exhibits are a joint motion and an order signed by the trial court to vacate the
appealed order and dismiss with prejudice the claims of appellees Will W. Snead and Ray
A. Snead. We grant the motion and dismiss the appeal as moot. See Tex. R. App. P. 1
42.1(a). Having dismissed the appeal at the request of all parties, no motion for rehearing
will be entertained and our mandate will issue forthwith.

 Don H. Reavis

 Justice

 


 The events described by Hays and Joplin after their arrival varied slightly. Hays
testified she got out of the car and knocked on the door of a room looking for a drug seller
named Kim. When no one answered she returned to the car where appellant approached
her and she purchased cocaine from him. According to Joplin, appellant initially
approached the driver's door where Joplin was seated. Without speaking to appellant,
Joplin pointed to Hays in the passenger seat. Appellant walked to the passenger side of
the car, where Hays got out to speak with appellant. None of the officers were able to see
exactly what transpired between appellant and Hays. The State introduced a recording
from the microphone attached to Hays. The recording shows Hays asked unidentified
people if they knew Kim. They can be heard saying they had not seen Kim for some time. 
Within seconds, Hays is heard asking, "Do you have anything?" A male voice responds
affirmatively, an agreement is made and Hays is heard counting to 100 in increments of
20. She can then be heard returning to the car and pointing out the person from whom she
made the purchase. The entire recording lasts less than a minute. Both witnesses
testified when Hays got back in the car she gave Joplin a package containing cocaine. The
only other officer who was able to see the transaction, Van Roy Pierce, was across the
street. As she drove away, officer Joplin signaled the other officers who immediately
arrested appellant. 

 Upon searching appellant, officers did not find any drugs. The cash given to Hays
was located on the ground nearby. Officer Pierce testified no one else was in the
immediate area where the cash was recovered. The State presented testimony from a City
of Lubbock planner that the Sunset Motel was within 1,000 feet of a school, making it a
drug free zone. It also called a Department of Public Safety laboratory technician who
tested the substance purchased by Hays and found it contained cocaine. At the
conclusion of the State's case, the trial court denied appellant's motion for instructed
verdict. The jury found appellant guilty and punishment was assessed in conformity with
its verdict at 40 years confinement. 

 Appellant presents a single issue challenging the trial court's denial of his motion
for instructed verdict on the basis the State failed to present evidence corroborating the
testimony of the informant. We treat such a complaint as a challenge to the legal
sufficiency of the evidence. Williams v. State, 937 S.W.2d 479, 482 (Tex.Crim.App. 1996).
In considering appellant's legal insufficiency challenge, we are required to view the
evidence in a light most favorable to the prosecution and then determine if any rational trier
of fact could have found the essential elements of the offense beyond a reasonable doubt.
Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d. 560 (1979). 

 Appellant's sufficiency challenge is based on application of article 38.141 of the
Texas Code of Criminal Procedure. That statute provides a person may not be convicted
of an offense for possession or delivery of a controlled substance, defined in Chapter 481
of the Health and Safety Code, on the testimony of a person "acting covertly on behalf of
a law enforcement agency" unless the testimony is corroborated by "other evidence
tending to connect the defendant with the offense committed." Id. The statute provides
corroboration is not sufficient if it only shows the commission of the offense. Id.

 In reviewing the sufficiency of corroboration, courts have applied the same standard
as is applied when a conviction is based on accomplice witness testimony. Cantelon v.
State, 85 S.W.3d 457, 460 (Tex.App.-Austin 2002, no pet.); see Dennis v. State, 151
S.W.3d 745, 748-49 (Tex.App.-Amarillo 2004, pet. ref'd). That standard requires a
reviewing court to eliminate the informant's testimony and ask whether other inculpatory
evidence tends to connect the accused to the commission of the offense, even if it does
not directly link the accused to the crime. Cantelon, 85 S.W.3d at 461, citing McDuff v.
State, 939 S.W.2d 607, 612 (Tex.Crim.App. 1997). There is no precise rule stating the
amount of evidence necessary to corroborate an informant's testimony, but the
"tends-to-connect" standard does not present a high threshold. Cantelon, 85 S.W.3d at
461. Appellant argues that when the testimony of Karron Hays is eliminated, "there is
nothing that tends to connect" appellant with the sale of cocaine. We do not agree.

 The other evidence showed Hays did not possess any cocaine when she arrived at
the motel with officer Joplin, but provided a package of cocaine to Joplin on returning to
the car. Both Joplin and Pierce testified Hays physically interacted with only one person
while she was outside the car. Pierce identified appellant as that person. (2) The testimony
of the officers was confirmed by the audio recording played for the jury. Another officer
identified appellant's voice from the recording. (3)

 Appellant emphasizes that the currency issued to Hays was not found on appellant. 
The evidence showed those bills were found on the ground within minutes of the
transaction. As noted, Pierce testified no one but appellant was in the immediate area and
that, from Pierce's observation, no one but appellant could have placed the money there. 
This testimony provides additional corroboration connecting appellant to the offense. 

 We find the testimony of Karron Hays was sufficiently corroborated by other
evidence tending to connect appellant with the offense. The evidence was not rendered
legally insufficient by the absence of corroboration required by article 38.141. We overrule
appellant's single point of error and affirm the judgment of the trial court.



 James T. Campbell

 Justice



Do not publish.

1. See Tex. Health & Safety Code Ann. § 481.134(b) (Vernon Supp. 2005).
2. Joplin also identified appellant, but her testimony indicated the identification was
based in part on seeing appellant at a prior hearing.
3. Pierce's testimony identifying appellant as the person he observed interacting with
Hays and police testimony identifying appellant's voice on the recording made of the
transaction distinguish this case from Young v. State, 95 S.W.3d 448 (Tex.App.-Houston
[1st Dist.] 2002, pet. ref'd). There, no one but the informant testified to the drug transaction
or identified the defendant's voice on the incriminating tape recording. Id. at 450.