IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-09-00323-CR

 

Jonathon William Wayne Krebbs,

                                                                                    Appellant

 v.

 

The State of Texas,

                                                                                    Appellee

 

 



From the 18th District Court

Johnson County, Texas

Trial Court No. F43789

 



MEMORANDUM  Opinion










 

            Jonathon William Wayne Krebbs appeals
from a conviction by a jury of two counts of the offense of delivery of a
controlled substance in an amount greater than four and less than two hundred
grams.  Tex. Health & Safety Code
Ann. § 481.112(d) (Vernon 2003).  After pleading true to two enhancement
paragraphs, Krebbs was sentenced in accordance with the jury’s verdict on
punishment to imprisonment for ninety (90) years in the Texas Department of
Criminal Justice – Institutional Division.  Krebbs complains that the evidence
corroborating the testimony of the confidential informant was insufficient to
sustain his conviction.  Because we find that the evidence sufficiently “tended
to connect” Krebbs to the offenses without the testimony of the confidential
informant, we affirm the judgment of the trial court.

Corroboration of Confidential Informant’s
Testimony

Legal and factual sufficiency standards of review
are not applicable to a review of covert witness testimony under Article 38.141
of the Code of Criminal Procedure because corroboration of such testimony is
established by statute.  See Tex.
Code Crim. Proc. Ann. art. 38.141 (Vernon 2005).  The standard for
evaluation of the sufficiency of the corroboration of the testimony of a covert
witness is the same as that of the testimony of an accomplice.  Malone v.
State, 253 S.W.3d 253, 257 (Tex. Crim. App. 2008); see Tex. Code Crim. Proc. Ann. art. 38.14
(Vernon 2005) (corroboration required of accomplice witness).

A challenge of insufficient corroboration of
evidence given by a covert witness described in Article 38.141 does not stand
on the same plateau as a challenge of insufficient evidence to support the
verdict as a whole.  Cathey v. State, 992 S.W.2d 460, 462-63 (Tex. Crim.
App. 1999).  Rather, under the test which is applied, we must exclude the
testimony of the covert witness from consideration when weighing the
sufficiency of corroborating evidence under Article 38.141(a) and examine the
remaining evidence to determine whether this evidence “tends to connect” the
defendant to the commission of the offense.  Malone, 253 S.W.3d at 258. 
The tends-to-connect standard does not present a high threshold.  See
Cantelon v. State, 85 S.W.3d 457, 461 (Tex. App.—Austin 2002, no pet.).

In determining the quantum
of evidence required to corroborate covert agent testimony, each case must be
judged on its own facts, and even insignificant circumstances may satisfy the
test.  Cantelon, 85 S.W.3d at 461.  Evidence is insufficient to
corroborate covert agent testimony if it shows merely that the defendant was
present during the commission of the offense.  McAfee v. State, 204
S.W.3d 868, 872 (Tex. App.—Corpus Christi 2006, pet. ref'd).  Although evidence
tending to connect a defendant to an offense may not be sufficient for a
conviction standing alone, it does not need to rise to such a high threshold
for purposes of corroboration.  Gill v. State, 873 S.W.2d 45, 48 (Tex.
Crim. App. 1994).  The corroborating evidence must provide “suspicious
circumstances” in addition to “mere presence” at the scene of a crime which
would tend to rebut that the defendant’s presence at the scene of the crime was
more than simply “innocent coincidence.”  McAfee, 204 S.W.3d at 872. 

Corroborating Evidence

The evidence here, absent the testimony of the
confidential informant, was that: Bates was working as a confidential informant
for Detective Goetz of the Johnson County S.T.O.P. Special Crimes Unit and
provided Goetz with information relating to an individual he knew as “Woodie”
who was a crack cocaine dealer.  Bates picked Krebbs out of a lineup and
identified him as “Woodie.”  An undercover officer named Gray, acting as Bates,
set up a transaction with Krebbs through text messages that were admitted into
evidence.  The deal was for Bates to purchase $350 worth of crack cocaine and
to repay money owed by Bates to Krebbs of $150.  Bates was searched prior to
the transaction, had a covert video and audio recording device installed on his
hat, and was given $500.  Gray and Bates went to a prearranged location where
Bates got into Krebbs’s vehicle.  Upon his return to Gray’s vehicle, he gave
Gray a baggie containing crack cocaine.  Bates was searched thereafter and had
no drugs or money in his possession.

Gray brokered the second deal with Krebbs directly
for $500 worth of quality crack cocaine.  Bates was the intermediary for Gray. 
He was searched prior to meeting Krebbs, had the recording device installed,
and given $500.  Torres, another undercover officer, drove Bates to the
prearranged location, a car wash.  Bates got into Krebbs’s vehicle, left it
quickly, and returned to Torres’s vehicle.  Bates attempted to give the drugs
to Torres, but Torres told Bates to keep them and give them to Goetz, which he
did.  Goetz searched Bates and found no drugs or money after the second transaction.

While each of these circumstances taken alone
might or might not be sufficient to corroborate Bates’s testimony, the weight
of all of them when taken together provides the basis for a rational juror to
conclude that this evidence sufficiently tended to connect Krebbs to both
offenses.  See Hernandez v. State, 939 S.W.2d 173, 178-79 (Tex. Crim.
App. 1997).  We overrule issue one.

Conclusion

            We find that there was sufficient
evidence that “tended to connect” Krebbs to the offenses for which he was convicted
when taken without the testimony of the confidential informant.  We affirm the
judgment of the trial court.

 

                                                                        TOM
GRAY

                                                                        Chief
Justice

 

Before Chief Justice
Gray,

            Justice
Reyna, and

            Justice Davis

Affirmed

Opinion delivered and
filed September 15, 2010

Do not publish

[CRPM]