NO. 07-10-00152-CR

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL C

 



JULY
15, 2011

 



 

KANAYO EUGENE UBESIE, JR., APPELLANT

 

v.

 

THE STATE OF TEXAS, APPELLEE 



 



 

FROM THE COUNTY COURT OF NAVARRO COUNTY;

 

NO. 61,354; HONORABLE JOHN JACKSON, JUDGE



 



 

Before QUINN,
C.J., and HANCOCK and PIRTLE, JJ.

 

 

ORDER
OF ABATEMENT AND REMAND

Appellant,
Kanayo Eugene Ubesie, Jr.,
filed a notice of appeal from his conviction for driving while intoxicated, and
sentence of 180 days incarceration in the Navarro County Jail and $1,000
fine.  Sentence was suspended by the
trial court and appellant was placed on community supervision for a period of
two years.  The appellate court clerk
received and filed the trial court clerk=s record on April 30, 2010. 
The official court reporter’s record was filed on June 7.  Consequently, appellant’s brief was due on
July 8.  On July 7, this Court received
appellant’s request for extension of time to file his brief, which was granted
to extend the deadline for appellant’s brief to August 6.  On August 16, appellant filed a second
request for extension of time to file his brief.  Again, this request was granted and the
deadline for appellant’s brief was set on September 7.  Just before the September 7 deadline,
appellant’s counsel sought permission to withdraw from representation of
appellant.  This Court granted counsel’s
motion.  As a result, appellant filed a
pro se motion for extension of time to file his brief on September 13, which
this Court granted.  On September 17,
this Court entered an Order abating and remanding the cause because the trial
court’s certification of defendant’s right of appeal was defective.  The appeal was reinstated on October 28.  On November 23, this Court granted appellant’s
fourth request for extension of time to file his brief, extending the deadline
to December 23.  On January 3, 2011, this
Court sent appellant notice that his brief was past-due and directing him to
file his brief by January 13 or the appeal would be abated and remanded to the
trial court.  On January 6, newly
retained counsel for appellant filed a request for extension of time to file
appellant’s brief, which was granted to January 24.  However, after appellant failed to meet this
deadline, he was notified that failure to file his brief by February 10 may
result in the appeal being abated and remanded. 
On February 3, appellant filed another request for extension of time to
file his brief on the basis that he had discovered that certain necessary exhibits
had been omitted from the reporter’s record. 
This motion for extension of time was granted and the deadline for
appellant’s brief was extended to February 14. 
Appellant again failed to comply with the deadline set by this Court
and, on March 11, appellant requested yet another extension of time to file his
brief.  By letter dated March 15, this
Court denied this sixth request for extension of time to file appellant’s brief
and directed appellant to file his brief on or before March 20.  

No brief
having been filed for appellant by April 8, we abated this appeal and remanded
it to the trial court to determine whether appellate counsel had abandoned the
appeal.  After a hearing, the trial court
entered findings of fact and conclusions of law.  The trial court found that appellant’s
counsel had been seriously ill with an undiagnosed complaint which prevented
him from completing the brief and that the illness had recurred several times,
but that counsel anticipated that he would complete the brief within 10
days.  Further, in the event of a
recurrence of counsel’s illness, counsel had engaged another attorney to assist
in the preparation of the brief.  The
trial court also recommended that the filing of the brief should be required by
the last day of May 2011 and that the absence of such filing should result in
the dismissal of the appeal, forfeiture of appellant’s appeal bond, and the
issuance of a capias for the arrest of appellant.

On May
10, 2011, the appeal was reinstated.  In
the letter informing appellant of the reinstatement of the case, this Court
notified appellant that his brief was due on or before May 31, 2011, and that
failure to comply with this deadline may result in the appeal being considered
without briefs.  When, once again,
appellant’s brief was not received by this May 31 deadline, this Court sent
appellant notice on June 16, informing him that his failure to file his brief
by June 27 may result in the appeal being abated and remanded to the trial
court for further proceedings.  To date,
this Court has not received appellant’s brief nor any
response to our June 16 correspondence.

Accordingly,
we now abate this appeal and remand the cause to the trial court.  See Tex.
R. App. P. 38.8(b)(2).  Upon remand, the judge of the trial court is
directed to immediately cause notice to be given requiring appellant to
personally appear and to then conduct a hearing to determine: (1) whether
appellant desires to prosecute this appeal; (2) if appellant desires to
prosecute this appeal, whether appellant is indigent; (3) if appellant desires
to prosecute this appeal and is indigent, whether appellant=s present counsel should be replaced;
(4) whether present counsel for appellant has abandoned the appeal; and (5)
what orders, if any, should be entered to assure the filing of appropriate
notices and documentation to dismiss appellant=s appeal if appellant does not desire to prosecute this
appeal or, if appellant desires to prosecute this appeal, to assure that the
appeal will be diligently pursued.  If
the trial court determines that the present attorney for appellant should be
replaced, the trial court should cause the Clerk of this Court to be furnished
the name, address, and State Bar of Texas identification number of the newly
appointed or newly retained attorney.  

The
trial court is directed to: (1) conduct any necessary hearings; (2) make and
file appropriate findings of fact and conclusions of law and cause them to be
included in a supplemental clerk=s record; (3) cause the hearing proceedings to be transcribed
and included in a supplemental reporter=s record; (4) have a record of the proceedings made to the
extent any of the proceedings are not included in the supplemental clerk=s record or the supplemental reporter=s record; and (5) cause the records
of the proceedings to be sent to this Court. 
In the absence of a request for extension of time from the trial court,
the supplemental clerk=s record, supplemental reporter=s record, and any additional
proceeding records, including any orders, findings, conclusions, and
recommendations, are to be sent so as to be received by the Clerk of this Court
not later than August 15, 2011. 

It is so
ordered.

Per Curiam

Do not publish.

 

 

            








 






:none;text-underline:none'>, 205 S.W.3d at
77.

            Appellant
did not object at trial to the court's failure to so instruct the jury. See Herron, 86 S.W.3d at 632 (applying
harm analysis to similar errors). The failure to preserve
jury-charge error is not a bar to appellate review, but rather establishes the
degree of harm necessary for reversal. Warner v. State, 245 S.W.3d
458, 461 (Tex.Crim.App. 2008). Because appellant did not object to the instruction's omission, the
error does not result in reversal "unless it was so egregious and created
such harm that appellant was denied a fair trial." Id.

            The defendant is not egregiously harmed by the omission
of a corroborating-evidence instruction if evidence other than the testimony of
the informant is present to fulfill the purpose of the instruction. Simmons, 205 S.W.3d at 77, citing Herron, 86 S.W.3d at 632.
A harm analysis for error in omitting the cautionary instruction on the
requirement of corroborating evidence must be "flexible," taking into
consideration both the existence and the strength of such other evidence. Id.
In determining the strength of the corroborating evidence, we must examine: (1)
its reliability or believability; and (2) the strength of its tendency to
connect the defendant to the offense. Id. Omission of the article 38.141 instruction will generally not result in egregious harm
"unless the corroborating evidence is so unconvincing in fact as to render
the State's overall case for conviction clearly and significantly less
persuasive." Simmons, 205 S.W.3d at 77, citing Saunders v. State, 817 S.W.2d 688, 689 (Tex.Crim.App. 1991).

            To
corroborate confidential informant testimony, like accomplice testimony, all the
law requires is that there be some
independent evidence which tends
to connect the accused to the commission of the offense. Cantelon v. State, 85 S.W.3d 457, 460-61 (Tex.App.--Austin 2002, no pet.), citing Hernandez v. State, 939 S.W.2d 173, 178-79 (Tex.Crim.App. 1997).
To determine the sufficiency of the corroboration, we eliminate the testimony
of the informant and ask whether other
inculpatory evidence tends to connect the accused to
the commission of the offense, even if it does not directly link the accused to
the crime. McDuff v. State, 939 S.W.2d 607, 612
(Tex.Crim.App.1997), Casias v. State, 36 S.W.3d 897, 901 (Tex.App.--Austin 2001, no pet.). We must view the corroborating evidence in the light
most favorable to the verdict. Knox v. State, 934 S.W.2d 678, 686-87 (Tex.Crim.App. 1996); Gill v. State, 873 S.W.2d 45, 48 (Tex.Crim.App. 1994).

            Evidence
corroborating Fernandez’s testimony includes the audio recording of the
transaction.  Although Chandra insisted
during her testimony that the recording must have been made at another time and
location,[2]
she nonetheless identified her own voice and also identified the male voice on
the recording as appellant’s.  Viewed in the light most favorable to the
verdict, her testimony, coupled with that of the trooper concerning the time
and place the recording was made, placed appellant at the residence at the time
of the drug buy.  The drug buy took place
at appellant’s residence.  Fernandez and her
car were searched before and after the buy. 
Troopers testified Fernandez did not have any drugs before she left for
the buy but returned after the buy with crack cocaine. A trooper testified he
recorded the serial number of the $50 bill he gave to Fernandez and testified a
$50 bill with a matching number was recovered after the search warrant was
executed at appellant’s residence, hours after the buy.  Appellant was present at his residence when
the search warrant was executed. 

            The
evidence corroborating Fernandez’s testimony is sufficient to satisfy the
“tends-to-connect” standard.  We find the
jury could have considered the corroborating evidence of appellant’s guilt
reliable and believable, and that it had a strong tendency to connect
appellant with the offense. Simmons, 205 S.W.3d at 77.  The
corroborating evidence is not so unconvincing in fact
as to render the State's overall case for conviction clearly and significantly
less persuasive. Accordingly, while the trial court erred in failing to
instruct the jury pursuant to article 38.141, appellant did not suffer egregious harm from the
court's failure to do so. We overrule appellant's second point of error.

Sufficiency of the
Evidence

            By appellant’s third point of error, he contends the evidence was
legally and factually insufficient to show he constructively delivered
cocaine.  This point of error is premised
on his first two points of error; that is, he argues that once the informant’s
and his wife’s testimony is excluded, there is insufficient evidence of his
commission of the offense.

            Since
appellant’s brief was filed, the Court of Criminal Appeals decided Brooks v. State, 323 S.W.3d 893, 2010 Tex.Crim.App. LEXIS 1240 (Tex.Crim.App. 2010). 
In that case, the court determined the sufficiency of the evidence
should be reviewed only under the standard set forth in Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct.
2781, 61 L.Ed.2d 560 (1979).  We will
therefore review the evidence in a light most favorable to the verdict for
appellant’s sufficiency claim.[3]

            Under Jackson, an appellate court views the
evidence in the light most favorable to the verdict to determine whether a
rational fact finder could have found each element of the offense beyond a
reasonable doubt. Swearingen v. State, 101 S.W.3d 89, 95 (Tex.Crim.App. 2003); Conner v. State, 67 S.W.3d 192, 197 (Tex.Crim.App. 2001), citing
Jackson, 443 U.S. at 319. If, based on all the evidence, a reasonably minded jury
must necessarily entertain a reasonable doubt of the defendant's guilt, due
process requires that we reverse and order a judgment of acquittal. Swearingen, 101 S.W.3d at 95, citing Narvaiz v. State, 840 S.W.2d 415, 423 (Tex.Crim.App. 1992), cert.
denied, 507 U.S. 975,
113 S. Ct. 1422, 122 L. Ed. 2d 791 (1993).

Appellant's evidentiary sufficiency argument is founded
on a contention that only Chandra and Fernandez could give direct evidence of
appellant's delivery of crack cocaine. However, circumstantial
evidence is as probative as direct evidence in establishing the guilt of an
actor, Hooper v. State, 214 S.W.3d 9, 13 (Tex.Crim.App. 2007), and the circumstances we have described, reflected in the
testimony of the officers, the recording and the presence of the $50 bill, are
probative of appellant’s guilt.  Next, we again note Chandra was called to the stand by
appellant and there is no reason to exclude her testimony from our
consideration.  Further, the jury was
free to believe and rely on Fernandez’s testimony. Article
38.141 does not render the testimony of a person cooperating with police
incompetent. Nor does article 38.141 say that the jury should be skeptical of
the testimony or give it less weight than other evidence. Herron, 86 S.W.3d at 632. Instead, once it is determined that corroborating evidence
exists, the purpose of the 38.141 instruction is fulfilled and the instruction plays no
further role in the fact finder's decision-making. Id.

We find,
after viewing the evidence in the appropriate light, that a rational jury could
have found each element of the offense beyond a reasonable doubt. Appellant's third
point of error is overruled.

Exclusion of Confidential Informant Evidence

            Through his
fourth point of error, appellant contends the trial court erred by excluding
evidence of his defensive theory that another confidential informant attempted
unsuccessfully to purchase a controlled substance from appellant.  

Seeking to
pursue his defensive theory that the other alleged informant, rather than
Fernandez, was the person who came to appellant’s home on the date of the buy,
on cross examination of a trooper, appellant asked for the names of his other
confidential informants.  The State
objected on the bases of relevance and the potential of placing cooperating
individuals in harm’s way. The court sustained the State’s objection. The
trooper then testified he did not use any other informants to make drug buys
from appellant.  

During appellant’s case, his wife Chandra testified to an
occasion on which the other alleged informant came to their home seeking to buy
drugs.  Chandra said she told the woman
to leave. Chandra also testified Fernandez did not come to their home on the
date of the buy described in the indictment. 
That testimony, however, was not before the trial court at the time the
court made the ruling of which appellant complains. The court
had only the testimony of the trooper before it when it made its ruling.  Our review of the trial court’s ruling is
limited to the evidence that was before it at the time of the ruling.  Weatherred v. State,
15 S.W.3d 540, 542 (Tex.Crim.App. 2000) (In reviewing
trial court’s ruling on the admissibility of evidence, the “appellate court
must review the trial court’s ruling in light of what was before the trial
court at the time the ruling was made”). 
We can find no error in the court’s ruling based on the evidence before
it at the time it sustained the State’s objection.

We overrule appellant’s final point
of error. Having overruled appellant's points of error, we affirm the
trial court's judgment.

 

                                                                                                James
T. Campbell

                                                                                                            Justice

 

 

Do not
publish.

 

 











[1]
See Tex. Health & Safety Code Ann. § 481.112(b) (West
2001); Tex. Health & Safety Code Ann. § 481.134 (West 2003).  This offense is a state jail felony,
punishable as a third degree felony because it took place in a drug free
zone.  Id.  The punishment range for
this offense was imprisonment for a term of not less than 2 years or more than
10 years and a fine not to exceed $10,000. 
Tex. Penal Code Ann. § 12.34 (West 2003). 





[2]  On the recording, the jury heard Fernandez ask Chandra if
she had gotten her phone fixed. Chandra testified her phone was broken while
she lived at another house, not the house the police searched in May 2006.  





[3]
The previously-applied factual
sufficiency standard considers whether the evidence supporting guilt, though
legally sufficient, is so weak that the jury's verdict seems clearly wrong and
manifestly unjust, or evidence contrary to the verdict is such that the jury's
verdict is against the great weight and preponderance of the evidence. Grotti v. State, 273 S.W.3d
273, 283 (Tex.Crim.App. 2008); Watson v. State, 204 S.W.3d 404, 414-15 (Tex.Crim.App.
2006). Under that standard, the ultimate question is whether,
considering all the evidence in a neutral light, the jury was rationally
justified in finding guilt beyond a reasonable doubt. Grotti, 273
S.W.3d at 283. Even had we applied such a standard to review of the
evidence, we could not sustain appellant's contention. From our review of the
entire record, the finding of appellant's guilt was neither
clearly wrong and manifestly unjust nor against the great weight and
preponderance of the evidence.