Opinion issued October 11, 2007










 







In The

Court of Appeals

For The

First District of Texas






NO. 01-06-00203-CR






RODOLFO SERNA PENA, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 182nd District Court

Harris County, Texas

Trial Court Cause No. 967007






O P I N I O N

 Appellant, Rodolfo Serna Pena, appeals from a judgment convicting him of the
felony of possession with intent to deliver a controlled substance weighing at least
400 grams including any adulterants and dilutants. See Tex. Health & Safety
Code Ann. § 481.112(a), (f) (Vernon 2003). Appellant pleaded not guilty to the jury. 
The jury found appellant guilty, and the trial court assessed punishment at 20 years
in prison and a $1,000 fine. In three issues, appellant contends that the evidence is
insufficient to corroborate the testimony from the accomplice and the informant; the
evidence is factually insufficient to support the conviction; and the court erred by
failing to instruct the jury that the informant's testimony must be corroborated. We
conclude that the evidence is sufficient to support the conviction and that appellant
was not egregiously harmed by the trial court's failure to instruct the jury on the
corroboration requirement for informant testimony. We affirm.

Background

 An informant paid by the Drug Enforcement Agency (DEA) and the Harris
County Sheriff's Office (HCSO) met "Ballo" at a cantina. Ballo agreed to sell the
informant two kilograms of cocaine for $16,000 each. Ballo and the informant met
at a flea market, where Ballo arrived with two companions in a black truck. One of
Ballo's companions spoke to the informant for about five minutes, before leaving in
the truck. The informant, in his own car, followed the truck to a service station on
Highway 90. While at the service station, the undercover surveillance officer
observed the same man who had earlier spoken with the informant, get out of the
black truck and into the informant's car.

 The informant, now accompanied by Ballo, drove his car from the service
station to a Conoco station, where he met with occupants of a parked white Buick. 
This was the first time the informant met appellant. Appellant was seated in the back
seat of the Buick with Jamie Ibarra in the driver's seat and Frank Olivarez in the front
passenger seat. 

 According to the informant, the informant stood on one side of the Buick,
while Ballo stood on the other side. The informant stated that Ballo told the
occupants in the Buick that the informant was the person who was going to buy the
material. The informant said that Ibarra asked for the money. When the informant
asked to see the merchandise, appellant pulled a package in a little black bag "from
underneath where he was." Appellant gave the package to Olivarez, telling him to
"show it to [the informant]." Olivarez took the package from appellant and showed
it to the informant, who touched the package to check for firmness. When the
informant asked about the second kilogram, appellant responded by signaling to the
place where appellant had gotten the first package, stating, "we have the other one
here." Appellant then asked the informant about the money. The informant
responded that the money was "nearby," requesting that they follow him to get it. 
Angry that the informant did not have the money, the occupants of the Buick left
without culminating the transaction. The informant left the scene in his own car,
where he called the undercover surveillance officer to inform him that the cocaine
was in the Buick.

 The undercover surveillance officer instructed a marked police car to stop the
Buick. After receiving the call, Deputy Willis of the Harris County Sheriff's Office
(HCSO) saw the Buick make a left turn without signaling. Deputy Nations of the
HCSO then performed the traffic stop. When Deputy Nations approached the vehicle,
he observed appellant tugging and pulling on the rear seat where he was sitting. 
Deputy Nations saw the men moving erratically around in the car, which was
"swaying back and forth quite a bit." Deputy Willis saw appellant lift the back seat
of the Buick, where he placed something underneath the seat. When the three
occupants of the Buick were taken out of the car, the two deputies found a loaded
revolver on the front seat next to where Ibarra had been seated and one package of
cocaine under where appellant had been seated.

 A forensic chemist in the controlled substance laboratory of the Harris County
Medical Examiner's Office later analyzed the substance found under appellant's seat
and determined it to be cocaine weighing 981.6 grams, including adulterants and
dilutants. A fingerprint examiner lifted a partial print on the bag that held the
substance, but the print had insufficient ridge detail making it inadequate to either
exclude or match it to appellant.

 At trial, the State called Ibarra, who drove the Buick. Ibarra hoped that the
district attorney would "put in a good word" for him with the parole board. Ibarra
said that he and Olivarez were together that day snorting cocaine. Ibarra related that
he had known appellant for eight years and called appellant to try to get a loan. 
Appellant told Ibarra that he would give Ibarra the loan if Ibarra drove appellant
somewhere. Ibarra and Olivarez picked appellant up at appellant's house and drove
to the store in Ibarra's Buick. Ibarra testified that he was not paying attention to
whether appellant was carrying anything when he got in the car. According to Ibarra,
they drove to the Conoco station after appellant got a call on his cell phone. Ibarra
said that a truck was in the Conoco parking lot when they got there. Appellant spoke
to the driver of the truck about money. Ibarra testified that the Buick and the truck
were parked next to each other "driver to driver." According to Ibarra, no one got out
of either vehicle. Ibarra said that appellant showed the driver of the truck a kilogram
of cocaine. Appellant became upset when the driver of the truck did not have the
money. When they left the Conoco station, they drove to appellant's house where
they were stopped by two patrol cars.

 At trial, an undercover surveillance officer testified regarding the events at the
Conoco station. The undercover officer testified that he "saw the informant meeting
with some individuals in a white Buick." The officer saw the informant meet with the
people in the Buick for about five minutes and then everybody left. After speaking
with the informant, the officer advised patrol cars to stop the Buick for the suspected
narcotics.

 Appellant's testimony differed from the testimony of the informant and Ibarra. 
Appellant testified that Ibarra stopped by his house and asked appellant to go to the
Conoco station with him and another man whom appellant did not know. They drove
to the Conoco station, where they parked in front. Ibarra got out of the car to go
inside to buy soft drinks, but instead did not enter the store; rather, Ibarra began
talking with the occupants of a black truck. Ibarra then came back to the Buick "a
little nervous," stating that they should leave. Ibarra left the Conoco station "burning
rubber," driving to appellant's house, where they were stopped by the deputies. 
Appellant testified that no one from the black truck ever came to the Buick, he never
showed the informant a kilogram of cocaine, and he did not know that the cocaine
was in the car.

 The charge instructed the jury that the testimony of Ibarra, the accomplice,
must be corroborated by "other evidence." See Tex. Code Crim. Proc. Ann.
art. 38.14 (Vernon 2005). However, the charge did not instruct the jury that the 
informant's testimony must be corroborated. See id. art. 38.141 (Vernon 2005). 

Sufficiency of the Evidence

 Appellant challenges the sufficiency of the evidence to support the conviction
for possession with intent to deliver cocaine. See Tex. Health & Safety Code
Ann. § 481.112(a), (f). 

A. Applicable Law to Establish Offense of Possession with Intent to Deliver

 A person commits the offense of possession with intent to deliver a controlled
substance if he knowingly possesses with intent to deliver a controlled substance
listed in Penalty Group one, which includes cocaine. See id. § 481.112(a), (f); id. §
481.102(D) (Vernon Supp. 2006) (listing cocaine in Penalty Group 1). In a
possession-with-intent-to-deliver case, the State must prove that the defendant (1)
exercised care, custody, control, or management over the controlled substance; (2)
intended to deliver the controlled substance to another; and (3) knew that the
substance in his possession was a controlled substance. Id. §§ 481.002(38),
481.112(a) (Vernon 2003 & Supp. 2006); Nhem v. State, 129 S.W.3d 696, 699 (Tex.
App.--Houston [1st Dist.] 2004, no pet.). Possession is voluntary "if the possessor
knowingly obtains or receives the thing possessed or is aware of his control of the
thing for a sufficient time to permit him to terminate his control." Tex. Pen. Code
Ann. § 6.01(b) (Vernon 2003). "'Deliver' means to transfer, actually or
constructively, to another a controlled substance . . . , regardless of whether there is
an agency relationship. The term includes offering to sell a controlled substance
. . . ." Tex. Health & Safety Code Ann. § 481.002(8) (Vernon Supp. 2006). 
These elements may be established by either direct or circumstantial evidence. 
Poindexter v. State, 153 S.W.3d 402, 405-06 (Tex. Crim. App. 2005) (quoting Brown
v. State, 911 S.W.2d 744, 747 (Tex. Crim. App. 1995)).

 When a defendant is not in exclusive possession of the place where the
controlled substance is found, the State must prove additional independent facts and
circumstances that affirmatively link the defendant to the contraband in such a way
that it can be concluded that the defendant had knowledge of the contraband and
exercised control over it. Roberson v. State, 80 S.W.3d 730, 735 (Tex.
App.--Houston [1st Dist.] 2002, pet. ref'd). An affirmative link generates a
reasonable inference that the defendant knew of the contraband's existence and
exercised control over it. Johnson v. State, 658 S.W.2d 623, 627 (Tex. Crim. App.
1983), overruled on other grounds by Woods v. State, 956 S.W.2d 33, 36, n. 3, 39 
(Tex. Crim. App. 1997); Roberson, 80 S.W.3d at 735. Courts have identified a
non-exhaustive list of factors that may help to show an affirmative link to controlled
substances. Roberson, 80 S.W.3d at 735 n.2. (1) Each case is examined on its own
facts, and a factor that contributes to the sufficiency of the evidence in one case may
be of little or no value in a different case. Id. at 736. It is not the number of
affirmative links present that is important, but rather the "logical force" that they
create to prove that the defendant committed the crime. Id. at 735. 

B. Corroboration of Testimony by Accomplice and Informant

 In appellant's first issue, he contends that the evidence is legally insufficient
to support the conviction because the State relies upon testimony from an informant
and from an accomplice, which must be corroborated by "other evidence," and the
State fails to "produce sufficient corroboration as required by articles 38.14 and
38.141 of the Texas Code of Criminal Procedure." Here, the State's evidence
includes testimony by an accomplice and by an informant, and thus each of these
witness's testimony requires corroboration under the Code of Criminal Procedure. 
See Tex. Code Crim. Proc. Ann. arts. 38.14, 38.141.

 Article 38.14 states, "A conviction cannot be had upon the testimony of an
accomplice unless corroborated by other evidence tending to connect the defendant
with the offense committed; and the corroboration is not sufficient if it merely shows
the commission of the offense." Id. art. 38.14. Similar to the accomplice evidence
rule, article 38.141, which took effect on September 1, 2001, requires other evidence
that tends to connect the defendant to the offense when an informant's testimony is
used to convict the defendant. See id. art. 38.141(a)-(b). Article 38.141 states,

 A defendant may not be convicted of an offense under Chapter 481,
Health and Safety Code, on the testimony of a person who is not a
licensed peace officer or a special investigator but who is acting covertly
on behalf of a law enforcement agency or under the color of law
enforcement unless the testimony is corroborated by other evidence
tending to connect the defendant with the offense committed. . . .
Corroboration is not sufficient for the purposes of this article if the
corroboration only shows the commission of the offense. 


Id.

 We look to case law regarding article 38.14, which pertains to accomplices,
when applying article 38.141, which pertains to non-police officers, because of the
similarity in the corroboration requirements in the two rules. Torres v. State, 137
S.W.3d 191, 195-96 (Tex. App.--Houston [1st Dist.] 2004, no pet.). To determine
the sufficiency of the corroboration, we must eliminate the in-court, live testimony
of the witness who requires corroboration and determine if some other evidence tends
to connect appellant to the offense. Id. at 196; Cantelon v. State, 85 S.W.3d 457, 461
(Tex. App.--Austin 2002, no pet.). We view the corroborating evidence in the light
most favorable to the finding of guilt. Torres, 137 S.W.3d at 196; Cantelon, 85
S.W.3d at 461. The corroborating evidence does not need to be in itself sufficient to
establish guilt beyond a reasonable doubt. Dowthitt v. State, 931 S.W.2d 244, 249
(Tex. Crim. App. 1996). Additionally, the corroborating evidence need not directly
link the accused to the commission of the offense. Id. Evidence of the presence of
the accused in the company of the accomplice or informant, coupled with other
suspicious circumstances, may tend to connect the accused to the offense. See id. 
Even apparently insignificant incriminating circumstances may sometimes afford
satisfactory evidence of corroboration. Id. But an accused's mere presence in the
company of the accomplice or the informant before, during, and after the commission
of the offense is insufficient by itself to corroborate testimony. See id.

 Excluding the testimony of the accomplice Ibarra and the informant, the State
presented the following evidence: 


 The undercover surveillance officer testified that he observed the
informant talking with the people in the white Buick for about
five minutes before the informant got back into his car and
everybody left the Conoco station. 


 


 The undercover surveillance officer instructed a marked police
car to stop the Buick and check for drugs.


 


 Deputy Nations testified that, as he was approaching the rear of
the Buick, it was rocking back and forth and appellant was
"tugging and pulling on the rear seat where he was sitting." 


 


 Deputy Willis saw appellant lift the seat and put something
underneath it.


 


 Deputy Nations and Deputy Willis pulled the three men out of the
car individually and found a loaded revolver and cocaine.

 Deputy Nations found the cocaine under appellant's seat.


 The evidence from sources other than the informant and the accomplice tends
to connect appellant to the cocaine, which was found by police officers in a place
easily accessible to appellant, on the same side of the car as appellant, and in an area
where appellant was seen reaching. We have not used the informant's testimony to
corroborate the accomplice's testimony and vice versa because the evidence outside
their testimony is sufficient to meet the corroboration requirements of articles 38.14
and 38.141 of the Code of Criminal Procedure. See Tex. Code Crim. Proc. Ann.
arts. 38.14, 38.141. We express no opinion on whether it is proper to use an
informant's testimony to corroborate the accomplice's testimony and vice versa. But
see Patterson v. State, 204 S.W.3d 852, 859 (Tex. App.--Corpus Christi 2006, pet.
ref'd) (holding that informant's testimony may not be used to corroborate
accomplice's testimony and vice versa). We hold the evidence is sufficient to meet
the corroboration requirements of articles 38.14 and 38.141 of the Code of Criminal
Procedure. See Tex. Code Crim. Proc. Ann. arts. 38.14, 38.141.

 We overrule appellant's first issue. (2)

C. Factual Sufficiency of the Evidence

 In appellant's second issue, he contends the evidence is factually insufficient
to support the jury's verdict. When conducting a factual sufficiency review, we view
all of the evidence in a neutral light. Ladd v. State, 3 S.W.3d 547, 557 (Tex. Crim.
App. 1999). A challenge to the sufficiency of the corroboration is not the same as a
challenge of the sufficiency of the evidence to support the verdict. Torres, 137
S.W.3d at 196; see also Cantelon, 85 S.W.3d at 460 (citing Cathey v. State, 992
S.W.2d 460, 462-63 (Tex. Crim. App. 1999) (applying accomplice-witness rule)). 
In a factual sufficiency review, we view all the evidence in the record, including
testimony from the accomplice and informant. See Utomi v. State, No.01-05-00653-CR, 2007 WL 1953898, at *3 (Tex. App.--Houston [1st Dist.] July 6, 2007, pet.
filed) (citing Simmons v. State, 205 S.W.3d 65, 71 (Tex. App.--Fort Worth 2006, no
pet.)). We do not eliminate the testimony of an informant or an accomplice when
analyzing the factual sufficiency of the evidence as a whole. Id. 

 We will set the verdict aside for factual insufficiency of the evidence only if
(1) the evidence is so weak that the verdict is clearly wrong and manifestly unjust or
(2) the verdict is against the great weight and preponderance of the evidence. 
Johnson v. State, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000). Under the first prong of
Johnson, we cannot conclude that a conviction is "clearly wrong" or "manifestly
unjust" simply because, on the quantum of evidence admitted, we would have voted
to acquit had we been on the jury. Watson v. State, 204 S.W.3d 404, 417 (Tex. Crim.
App. 2006). Under the second prong of Johnson, we cannot declare that a conflict
in the evidence justifies a new trial simply because we disagree with the jury's
resolution of that conflict. Id. Before finding that evidence is factually insufficient
to support a verdict under the second prong of Johnson, we must be able to say, with
some objective basis in the record, that the great weight and preponderance of the
evidence contradicts the jury's verdict. Id. In conducting a factual sufficiency
review, we must also discuss the evidence that, according to the appellant, most
undermines the jury's verdict. See Sims v. State, 99 S.W.3d 600, 603 (Tex. Crim.
App. 2003). The jury is in the best position to evaluate the credibility of witnesses,
and we are required by the factual sufficiency review to afford "due deference" to the
jury's determinations. Marshall v. State, 210 S.W.3d 618, 625 (Tex. Crim. App.
2006). (3) 

 Appellant asserts that a rational jury could not have found appellant guilty
because: (1) it was Ibarra's Buick that was "rigged" to "stash" drugs, (2) Olivarez 
was better friends with Ibarra than appellant, which would make Olivarez the backup
for Ibarra rather than appellant, (3) drug dealers carry guns and appellant did not have
a gun, (4) no evidence was presented to show appellant was in the "drug culture," (5)
appellant was not "living an extravagant life with fancy cars and a big house," (6) the
cocaine was not in appellant's plain view, (7) appellant would be crazy to perform a
drug deal 400 feet from his own home, (8) there was no video or audio confirmations
of the informant and accomplice testimony, and (9) the "jury had a difficult time
reaching a verdict." Although appellant points to factors that weigh against a finding
of guilt, other factors point to his guilt. Appellant was seen by officers pulling on the
back seat attempting to hide something under his seat, where the cocaine was found. 
Additionally, the informant and accomplice each testified about appellant's role in
attempting to sell the cocaine. We conclude that, viewing the evidence neutrally, the
evidence is not so weak as to render the verdict clearly wrong and manifestly unjust,
and the verdict is not against the great weight and preponderance of the evidence. 
See Johnson, 23 S.W.3d at 11. We hold that the evidence is factually sufficient to
sustain appellant's conviction for possession with intent to deliver.

 We overrule appellant's second issue.

Charge Error

 In his third issue, appellant contends that he was egregiously harmed by the
trial court's erroneous failure to instruct the jury that an informant's testimony must
be corroborated before it may be relied on to convict the appellant. 

A. Error

 In determining whether there is reversible error due to an erroneous jury
charge, we first decide whether error exists, and if error exists, then we determine
whether appellant was harmed. Middleton v. State, 125 S.W.3d 450, 453 (Tex. Crim.
App. 2003). A charge must distinctly set forth the law applicable to the case. See
Tex. Code Crim. Proc. Ann. art. 36.14 (Vernon 2007). The law requires that
testimony from a non-police officer, such as an informant, may not be used to convict
a defendant of a narcotics offense unless it is "corroborated by other evidence tending
to connect the defendant with the offense committed." See Tex. Code. Crim. Proc.
Ann. art. 38.141; see also Tex. Health & Safety Code Ann. § 481.112(a), (f). 
Because the informant's testimony was presented as part of the State's evidence used
to convict appellant, the Code of Criminal Procedure requires that the informant's
testimony be corroborated. See id. The jury charge, however, did not include the
instruction, nor did the appellant's attorney request the instruction. The failure to
instruct the jury on the corroboration requirement was error. See Simmons, 205
S.W.3d at 77 (holding that failure to instruct jury of corroboration requirement for
informant testimony under article 38.141 was error); see also Herron v. State, 86
S.W.3d 621, 631-32 (Tex. Crim. App. 2002) (holding that failure to instruct jury of
corroboration requirement for accomplice testimony under article 38.14 was error). 
As with corroboration required under the accomplice witness rule, the trial court must
instruct the jury under article 38.141 as the law applicable to the case, regardless of
whether appellant requests the instruction when an informant's testimony is used by
the State in its efforts to obtain a conviction. See Herron, 86 S.W.3d at 632;
Simmons, 205 S.W.3d at 77; see also Tex. Code. Crim. Proc. Ann. art. 38.141.

B. Harm

 Having determined that the trial court erred by failing to give the instruction,
we must next determine whether appellant was harmed by the error. A complaint that
the trial court erred by failing to instruct the jury on the corroboration requirement for
informant testimony is reviewed under two different standards for determining harm
from the error, depending on whether the defendant preserved error. See Herron, 86
S.W.3d at 632 (citing Almanza v. State, 686 S.W.2d 157, 171 (Tex. Crim. App.
1985)(op. on reh'g)). If the defendant properly preserves error by bringing to the
attention of the trial court the omission of the corroboration instruction, then we
review the error to see if "some harm" resulted from the omission of the instruction. 
Id. However, if the defendant fails to request the instruction or object to its omission,
the defendant has failed to preserve error and our review focuses on whether the
defendant suffered "egregious harm." Id.; Simmons, 205 S.W.3d at 77. Under the
"egregious harm" standard, we review alleged charge error by considering (1) the
entirety of the charge itself, (2) the evidence, (3) the arguments of counsel, and (4)
other relevant information revealed by the record. See Sanchez v. State, 209 S.W.3d
117, 121 (Tex. Crim. App. 2006); Almanza, 686 S.W.2d at 171.

 In assessing whether a defendant has been egregiously harmed by the omission
of an instruction that tells the jury that testimony must be corroborated, the error is
generally harmless unless the corroborating evidence is "so unconvincing in fact as
to render the State's overall case for conviction clearly and significantly less
persuasive." Herron, 86 S.W.3d at 632 (applying egregious harm to failure to give
accomplice witness instruction). In reviewing the strength of the corroborating
evidence testimony, we "examine (1) its reliability or believability and (2) the
strength of its tendency to connect the defendant to the crime." Id.

 Here, appellant concedes that he did not preserve error and the proper review
is under the egregious harm standard. We therefore examine (1) the charge, (2) the
evidence, (3) the jury arguments, and (4) any other pertinent matters.

 1. The Charge

 Although the jury charge properly instructs that appellant cannot be convicted
unless the accomplice's testimony is corroborated, see Tex. Code. Crim. Proc. Ann.
art. 38.14, the charge erroneously fails to require corroboration of the informant's
testimony. See Herron, 86 S.W.3d at 632; Simmons, 205 S.W.3d at 77. The
inclusion of the jury charge specifically requiring corroboration of an accomplice's
testimony likely misled the jury into believing that the informant's testimony need not
be corroborated because the charge did not contain an instruction requiring
corroboration of the informant's testimony. 

 2. The Evidence

 Although appellant denied knowledge of the cocaine in the car, he was seen by
Deputy Nations "tugging and pulling on the rear seat where he was sitting." Deputy
Willis saw appellant lift the seat and put something underneath it. Deputy Nations
found the cocaine under appellant's seat. The testimony of the officers negates the
harm because the evidence renders the State's case convincing and persuasive
without the testimony by the informant and the accomplice. See Herron, 86 S.W.3d
at 632 (stating that if non-accomplice testimony exists that tends to connect defendant
to offense, it "can render harmless a failure to submit an accomplice witness
instruction"); Simmons, 205 S.W.3d at 77 (applying Herron to informant testimony).

 3. The Arguments of Counsel

 The prosecutor told the jury that the informant's testimony does not have to be
corroborated. The prosecutor, while instructing the jury on the law requiring an
accomplice's testimony to be corroborated by other evidence, stated "[i]f you want
to look at what the . . . informant told you, then you don't even have to worry about
this because this does not apply to [the informant]."

 Appellant's counsel told the jury that the informant's testimony was unreliable
and that the informant created most of the story. Appellant's counsel never told the
jury that an informant's testimony must be corroborated before it may be believed. 
Instead, counsel told the jury not to believe the informant. Although appellant's trial
counsel was silent regarding the law requiring corroboration of an informant's
testimony, the State's jury argument affirmatively misstated the law.

 4. The Record

 The record shows that the jury likely believed that the informant's testimony
did not require corroboration. The trial court told the jury that they could convict
based solely on the testimony of one witness. While this is generally correct for
testimony that does not require corroboration, the jury could have mistaken the
general statement by believing that the informant's testimony alone did not require
corroboration. This most likely occurred because the State instructed the venire panel
that an accomplice's testimony must be corroborated, but failed to give the same
instruction as to an informant's testimony. Appellant's counsel also did not instruct
the jury that the law required that an informant's testimony be corroborated. The
statements during voir dire by the trial court, the State's attorney, and appellant's
attorney, in combination with the charge that accomplice evidence must be
corroborated and the absence of a charge that the informant's testimony must be
corroborated, likely misled the jury that the informant's testimony did not require
corroboration. 

 In contrast, the record also supports a conviction without the informant's
testimony. While the informant tipped off the police to a potential drug sale, the
police independently recovered the cocaine from beneath appellant's seat, after the
informant had left the scene. In addition, the police observed appellant lift the back
seat in the area in which they discovered the cocaine. 

 5. Conclusion 

 Viewing the entire record, we conclude that the appellant was not egregiously
harmed by the error. Because the independent testimony from the police officers is
alone sufficient to connect appellant to the cocaine, appellant was not egregiously
harmed by the lack of an instruction regarding the corroboration requirement for the
informant's testimony. We conclude that appellant was not egregiously harmed by
the omitted charge because the corroborating evidence is not so unconvincing in fact
as to render the State's overall case for conviction clearly and significantly less
persuasive. See Herron, 86 S.W.3d at 632 (holding defendant was not harmed under
lower "some harm" standard "where there is no such basis in the record for doubting
the reliability of the remaining . . . items of non-accomplice evidence"); see also
Saunders, 817 S.W.2d at 692 (holding defendant egregiously harmed because much
of defendant's favorable evidence was uncontradicted and corroborating evidence
was weak and had persuasive innocent explanations). We hold that appellant was not
egregiously harmed by the error. 

 We overrule appellant's third issue.

Conclusion

 We affirm the judgment of the trial court.

 

 

 Elsa Alcala

 Justice


Panel consists of Chief Justice Radack and Justices Alcala and Bland.


Publish. Tex. R. App. P. 47.2(b).
1. Among the factors this Court has listed are whether the drugs were (1)
in plain view; (2) conveniently accessible to the accused; (3) in a place
owned by the accused; (4) in a car driven by the accused; (5) found on
the same side of the car as the accused; or (6) found in an enclosed
space; and whether (7) the drug's odor was present; (8) drug
paraphernalia was in view of or found on the accused; (9) the accused's
conduct indicated a consciousness of guilt; (10) the accused had a
special relationship to the drug; (11) the car's occupants gave
conflicting statements about relevant matters; (12) the physical
condition of the accused indicated recent consumption of the drug
found in the car; and (13) affirmative statements connected the accused
to the drug.


 Roberson v. State, 80 S.W.3d 730, 735 n.2 (Tex. App.--Houston [1st Dist.] 2002, pet.
ref'd).
2. Although his first issue focuses on the corroboration requirements in the Code of
Criminal Procedure, appellant at times cites to the legal sufficiency standard in
Jackson, which requires that we consider the entire trial record to determine whether,
viewing the evidence in the light most favorable to the verdict, a rational jury could
have found the accused guilty of all essential elements of the offense beyond a
reasonable doubt. See Jackson v. Virginia, 443 U.S. 307, 318-19, 99 S. Ct. 2781,
2788-89 (1979); King v. State, 29 S.W.3d 556, 562 (Tex. Crim. App. 2000). A
Jackson legal sufficiency analysis is different from a corroboration analysis under the
Code of Criminal Procedure. Utomi v. State, No. 01-05-00653-CR, 2007 WL
1953898, at *3 (Tex. App.--Houston [1st Dist.] July 6, 2007, pet. filed) (citing
Cathey v. State, 992 S.W.2d 460, 462-63 (Tex. Crim. App. 1999)).
3. The jury charge did not require the informant's testimony to be corroborated, but we
must determine the sufficiency of the evidence to establish the elements of the offense
based on a hypothetically correct jury charge. See Malik v. State, 953 S.W.2d 234,
239-40 (Tex. Crim. App. 1997); Sisk v. State, 74 S.W.3d 893, 897 (Tex. App.--Fort
Worth 2002, no pet.) (applying Malik to legal-sufficiency challenge in stalking case). 
The hypothetically correct jury charge sets out the law, as authorized by the
indictment, does not unnecessarily increase the State's burden of proof or
unnecessarily restrict the State's theories of liability, and adequately describes the
particular offense for which the defendant was tried. Malik, 953 S.W.2d at 240.