

# IN THE
# TENTH COURT OF APPEALS

### No. 10-09-00323-CR

**JONATHON WILLIAM WAYNE KREBBS,**

**Appellant**

 **v.**

**THE STATE OF TEXAS,**

**Appellee**

### From the 18th District Court
### Johnson County, Texas
### Trial Court No. F43789

## MEMORANDUM  OPINION

Jonathon William Wayne Krebbs appeals from a conviction by a jury of two counts of the offense of delivery of a controlled substance in an amount greater than four and less than two hundred grams.  TEX. HEALTH & SAFETY CODE ANN. § 481.112(d) (Vernon 2003).  After pleading true to two enhancement paragraphs, Krebbs was sentenced in accordance with the jury's verdict on punishment to imprisonment for ninety (90) years in the Texas Department of Criminal Justice – Institutional Division. Krebbs complains that the evidence corroborating the testimony of the confidential informant was insufficient to sustain his conviction.  Because we find that the evidence

sufficiently "tended to connect" Krebbs to the offenses without the testimony of the confidential informant, we affirm the judgment of the trial court.

### *Corroboration of Confidential Informant's Testimony*

Legal and factual sufficiency standards of review are not applicable to a review of covert witness testimony under Article 38.141 of the Code of Criminal Procedure because corroboration of such testimony is established by statute. *See* TEX. CODE CRIM. PROC. ANN. art. 38.141 (Vernon 2005). The standard for evaluation of the sufficiency of the corroboration of the testimony of a covert witness is the same as that of the testimony of an accomplice. *Malone v. State*, 253 S.W.3d 253, 257 (Tex. Crim. App. 2008); *see* TEX. CODE CRIM. PROC. ANN. art. 38.14 (Vernon 2005) (corroboration required of accomplice witness).

A challenge of insufficient corroboration of evidence given by a covert witness described in Article 38.141 does not stand on the same plateau as a challenge of insufficient evidence to support the verdict as a whole. *Cathey v. State*, 992 S.W.2d 460, 462-63 (Tex. Crim. App. 1999). Rather, under the test which is applied, we must exclude the testimony of the covert witness from consideration when weighing the sufficiency of corroborating evidence under Article 38.141(a) and examine the remaining evidence to determine whether this evidence "tends to connect" the defendant to the commission of the offense. *Malone*, 253 S.W.3d at 258. The tends-to-connect standard does not present a high threshold. *See Cantelon v. State*, 85 S.W.3d 457, 461 (Tex. App.—Austin 2002, no pet.).

In determining the quantum of evidence required to corroborate covert agent testimony, each case must be judged on its own facts, and even insignificant circumstances may satisfy the test. *Cantelon*, 85 S.W.3d at 461. Evidence is insufficient to corroborate covert agent testimony if it shows merely that the defendant was present during the commission of the offense. *McAfee v. State*, 204 S.W.3d 868, 872 (Tex. App.—Corpus Christi 2006, pet. ref'd). Although evidence tending to connect a defendant to an offense may not be sufficient for a conviction standing alone, it does not need to rise to such a high threshold for purposes of corroboration. *Gill v. State*, 873 S.W.2d 45, 48 (Tex. Crim. App. 1994). The corroborating evidence must provide "suspicious circumstances" in addition to "mere presence" at the scene of a crime which would tend to rebut that the defendant's presence at the scene of the crime was more than simply "innocent coincidence." *McAfee*, 204 S.W.3d at 872.

*Corroborating Evidence*

The evidence here, absent the testimony of the confidential informant, was that: Bates was working as a confidential informant for Detective Goetz of the Johnson County S.T.O.P. Special Crimes Unit and provided Goetz with information relating to an individual he knew as "Woodie" who was a crack cocaine dealer. Bates picked Krebbs out of a lineup and identified him as "Woodie." An undercover officer named Gray, acting as Bates, set up a transaction with Krebbs through text messages that were admitted into evidence. The deal was for Bates to purchase $350 worth of crack cocaine and to repay money owed by Bates to Krebbs of $150. Bates was searched prior to the transaction, had a covert video and audio recording device installed on his hat, and was

given $500.  Gray and Bates went to a prearranged location where Bates got into Krebbs's vehicle.  Upon his return to Gray's vehicle, he gave Gray a baggie containing crack cocaine.  Bates was searched thereafter and had no drugs or money in his possession.

Gray brokered the second deal with Krebbs directly for $500 worth of quality crack cocaine.  Bates was the intermediary for Gray.  He was searched prior to meeting Krebbs, had the recording device installed, and given $500.  Torres, another undercover officer, drove Bates to the prearranged location, a car wash.  Bates got into Krebbs's vehicle, left it quickly, and returned to Torres's vehicle.  Bates attempted to give the drugs to Torres, but Torres told Bates to keep them and give them to Goetz, which he did.  Goetz searched Bates and found no drugs or money after the second transaction.

While each of these circumstances taken alone might or might not be sufficient to corroborate Bates's testimony, the weight of all of them when taken together provides the basis for a rational juror to conclude that this evidence sufficiently tended to connect Krebbs to both offenses.  *See Hernandez v. State*, 939 S.W.2d 173, 178-79 (Tex. Crim. App. 1997).  We overrule issue one.

Conclusion

We find that there was sufficient evidence that "tended to connect" Krebbs to the offenses for which he was convicted when taken without the testimony of the confidential informant.  We affirm the judgment of the trial court.


TOM GRAY
Chief Justice

Before Chief Justice Gray,
  Justice Reyna, and
  Justice Davis
Affirmed
Opinion delivered and filed September 15, 2010
Do not publish
[CRPM]