**Affirm and Opinion Filed July 20, 2015**

In The



### No. 05-14-00695-CR

### JAMES EDWARD ROGERS, JR., Appellant
### V.
### THE STATE OF TEXAS, Appellee

**On Appeal from the 196th Judicial District Court**
**Hunt County, Texas**
**Trial Court Cause No. 28576**

## MEMORANDUM OPINION

Before Chief Justice Wright, Justice Brown, and Justice Stoddart
Opinion by Chief Justice Wright

A jury found appellant James Edward Rogers Jr. guilty of possession of a controlled substance, methamphetamine, in the amount of four grams or more, but less than two hundred grams. After finding the enhancement paragraphs for two prior felony convictions true, the jury assessed punishment of life imprisonment. In a single issue, appellant challenges the sufficiency of accomplice-witness corroboration. We affirm the trial court's judgment.

### I. BACKGROUND

Detective Wesley Russell, a narcotics investigator for the Greenville Police Department, testified that on March 20, 2012, he stopped a Ford Escape for failing to stop at a stop sign. There were three individuals and a dog inside the vehicle: appellant was driving, Rachel Powell was in the front passenger seat, and Timothy Roberts and a pit bull were in the back seat. Upon

confirmation that appellant did not have a valid driver's license, Russell requested identification for everyone in the vehicle and discovered that Roberts had an outstanding arrest warrant. Russell called for assistance and Detective Jason Smith, Officer Brandon West, and Officer Leigh Dixon arrived at the scene.

Roberts was placed in Dixon's marked police car to be transported to jail on his outstanding arrest warrant but when Roberts began having a seizure, Dixon drove him to the hospital emergency room instead. Russell arrested appellant for driving without a valid driver's license and placed him in West's patrol car. Russell then asked Powell to step out of the vehicle so he could conduct an inventory search of the vehicle before impounding it. Animal control was contacted to pick up the dog.

Russell testified that during his search of the vehicle, most of the items seized were inside various bags inside a mesh laundry bag that was located on the front passenger floorboard, right against the center hump. Russell found a floral makeup bag containing a butane torch and some glass pipes, a camera case containing a glass pipe inside a glove, a baggie containing syringes, a small black Case Logic zipper bag containing digital scales, a plastic bag containing smaller plastic bags, a plastic bag containing pills and an unlabeled prescription bottle containing marijuana, a small baggie containing 0.44 grams of methamphetamine, a small metal canister containing 1.66 grams of methamphetamine, and a prescription bottle with appellant's name on the label containing 23 grams of methamphetamine. Russell testified that the baggie, metal canister, and prescription bottle containing methamphetamine were packaged and sent to the Department of Public Safety Laboratory for analysis.

Russell explained that he did not arrest Roberts for possession of the narcotics because Russell did not observe Roberts making any furtive movements once Russell initiated the traffic stop and because Roberts was not in proximity to the drugs. Russell also stated that he did not

arrest Powell for possession of the narcotics because Powell gave the police an affidavit that the drugs were not hers and because there were items inside the bags containing the drugs with appellant's name on them. According to Russell, appellant was in possession of $1668 in cash when he was arrested.

Smith, a narcotics investigator for the Greenville Police Department, testified that he assisted Russell at the scene. Smith provided cover for Russell and also talked to Powell. Smith ultimately obtained a sworn affidavit from Powell. He testified that he made no promises or deals in obtaining Powell's statement.

Mark Gray testified regarding the procedures used by the Greenville Police Department to organize and secure its property room. He also testified that with respect to this case, he packaged three items and personally delivered them to the Texas Department of Public Safety Laboratory. Jose Martinez, a forensic scientist for the Texas Department of Public Safety, testified that while working at the DPS Crime Lab in Garland, he analyzed the three items delivered by the Greenville Police Department in this case: a Ziploc bag, a metal container, and a prescription pill bottle. Martinez described the methods used to analyze the items, and concluded that the metal container contained 1.66 grams of methamphetamine, the prescription pill bottle contained 23 grams of methamphetamine, and the Ziploc bag contained 0.44 grams of methamphetamine.

Powell testified that the methamphetamine found in the vehicle was not hers. According to Powell, appellant picked her up and took her to the house where he was staying. They planned to go to Rockwell so Powell could steal a pair of shoes for appellant. Appellant asked her to help him carry some things to the car, specifically a laundry bag and a flowered bag. Powell testified that once appellant got to the car, he took the bags and placed them on the front passenger floorboard. Powell initially stated that she never looked in the laundry bag or the

–3–

flowered bag and had no idea what was inside of them. She later testified that while they were in appellant's house, she saw him place some items in one of the bags—a smaller pipe and a set of scales. But she claimed she did not see him place any of the other items into the bags. And she testified that she had no idea that the bags contained methamphetamine. Powell testified that the only items in the car belonging to her were her purse, a pricing gun, and a Walmart bag containing three stolen fishing reels.

Powell acknowledged having a lengthy criminal history. She admitted that two days after the traffic stop resulting in appellant's arrest, she was arrested for theft. Powell acknowledged being a drug addict and using methamphetamine. She conceded that she had gone to appellant's house to get drugs from him, stating "that was what he did." Powell testified that the police did not give her any promises or deals in exchange for her affidavit.

## II. DISCUSSION

In his sole issue on appeal, appellant argues his conviction should be overturned and he should be acquitted because there was no evidence to corroborate the testimony of an accomplice witness. We review the sufficiency of the evidence under the standard set out in *Jackson v. Virginia*, 443 U.S. 307 (1979). *Matlock v. State*, 392 S.W.3d 662, 667 (Tex. Crim. App. 2013). We examine all the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson*, 443 U.S. at 319; *Matlock*, 392 S.W.3d at 667. We must defer to the jury's credibility and weight determinations because the jury is the exclusive judge of the witnesses' credibility and the weight to be given to their testimony. *See Brown v. State*, 270 S.W.3d 564, 568 (Tex. Crim. App. 2008).

A challenge of insufficient corroboration is not the same as a challenge of insufficient evidence to support the verdict as a whole. *Cantelon v. State*, 85 S.W.3d 457, 460 (Tex. App.—

Austin 2002, no pet.). To corroborate accomplice-witness testimony, "[a]ll the law requires is that there be some non-accomplice evidence which tends to connect the accused to the commission of the offense." *Id.* (quoting *Hernandez v. State*, 939 S.W.2d 173, 178 (Tex. Crim. App. 1997)); *see* TEX. CODE CRIM. PROC. ANN. art. 38.14 (West 2005). Corroboration is not sufficient if it merely shows the offense was committed. TEX. CODE CRIM. PROC. ANN. art. 38.14; *Smith v. State*, 332 S.W.3d 425, 439 (Tex. Crim. App. 2011). To determine the sufficiency of the corroboration, we eliminate the testimony of the accomplice and examine the remaining portions of the record to see if there is any evidence that tends to connect the accused to the commission of the offense. *Castillo v. State*, 221 S.W.3d 689, 691 (Tex. Crim. App. 2007); *Medrano v. State*, 421 S.W.3d 869, 883 (Tex. App.—Dallas 2014, pet. ref'd).

We look at the particular facts and circumstances of each case and consider the combined force of all the non-accomplice evidence that tends to connect the accused to the offense. *Smith*, 332 S.W.3d at 442; *Malone v. State*, 253 S.W.3d 253, 257 (Tex. Crim. App. 2008). There is no set amount of non-accomplice corroboration evidence that is required for sufficiency purposes; each case must be judged on its own facts. *Malone*, 253 S.W.3d at 257 (citing *Gill v. State*, 873 S.W.2d 45, 48 (Tex. Crim. App. 1994)). Corroborating evidence may be direct or circumstantial, and need not be sufficient by itself to establish the defendant's guilt. *Smith*, 332 S.W.3d at 442. "Even 'apparently insignificant incriminating circumstances' may provide sufficient corroboration." *Medrano*, 421 S.W.3d at 883 (quoting *Trevino v. State*, 991 S.W.2d 849, 852 (Tex. Crim. App. 1999)). Evidence that the defendant was in the company of the accomplice at or near the time or place of the crime is proper corroborating evidence, but such evidence alone is not conclusive corroboration. *Hernandez*, 939 S.W.2d at 178. Nevertheless, the "tends to connect" standard is not a high standard. *Cantelon*, 85 S.W.3d at 461.

Appellant argues the only evidence connecting him to the offense came from Powell whose accomplice testimony was uncorroborated. Having reviewed the record, we cannot agree. Setting aside Powell's testimony, the jury had other evidence tending to connect appellant to the crime. Appellant was the driver of the vehicle in which the methamphetamine was found. Although the vehicle was not registered to appellant, Russell had seen appellant driving the vehicle multiple times. Appellant was present when the drugs were found. Appellant was in close proximity to the bags containing the methamphetamine, marijuana, prescription pills, and drug paraphernalia. And, significantly, a prescription pill bottle with appellant's name on the label contained twenty-three grams of methamphetamine. Finally, appellant was carrying $1,668 in cash at the time of his arrest.

Taken as a whole, the non-accomplice evidence shows more than appellant's mere presence. The jury could have rationally found that the corroborating evidence sufficiently tended to connect appellant to the offense. *See* TEX. CODE CRIM. PROC. ANN. art. 38.14; *Malone*, 253 S.W.3d at 259. Accordingly, we overrule appellant's sole issue.

### III. CONCLUSION

Having overruled appellant's sole issue, we affirm the judgment of the trial court.


Do Not Publish
TEX. R. APP. P. 47
140695F.U05

/Carolyn Wright/
CAROLYN WRIGHT
CHIEF JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

JAMES EDWARD ROGERS, JR.,
Appellant

No. 05-14-00695-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 196th Judicial District
Court, Hunt County, Texas
Trial Court Cause No. 28576.
Opinion delivered by Chief Justice Wright.
Justices Brown and Stoddart participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered July 20, 2015.